Klein *v.* Currier.

---

Joseph Klein, Appellant, *v.* Julius H. Currier, Appellee.

APPEAL FROM SANGAMON.

In an action upon a special guaranty upon a note, it is necessary for the plaintiff to aver and prove a consideration of the guaranty in order to maintain the action.

This is proved, in the first instance, by showing that the defendant's signature is genuine; for the presumption of law then is, that the name was put there at the time the note was made, and as a part of the original transaction, and when that is the case, the consideration for the note is also a consideration for the guaranty.

But where it is shown that the defendant executed the guaranty after the delivery of the note, the burden of proof lies upon the plaintiff to show a new and express consideration therefor.

A plea of no consideration, in such a case, amounts to the general issue, and is obnoxious to a special demurrer.

A person who puts his name upon the back of a note is liable as guarantor, unless a special contract for a different liability be shown.

The cases of Camden *v.* McCoy, 3 Scam. 437; Cushman *v.* Diment, Ib. 497; and Carroll *v.* Weld, 13 Illinois, 683, approved.

This cause was heard before T. L. Dickey, Judge, at September term, 1852, of the Sangamon Circuit Court.

This was an action of assumpsit upon the following guaranty, written at the time of commencement of suit, by plaintiff's attorney, over the blank indorsement of Klein's name, on the note of Lumsden & Company, to Currier: —

" For value received, I guarantee the payment of the sum of money and interest in the within note specified, and agree to pay the same according to the tenor and effect of said note, if the same is not paid by said Lumsden and Company.

" Joseph Klein."

The note was for $300, with 10 per cent. interest, payable sixty days after date, (February 13, 1852,) at the Springfield Fire and Marine Insurance Office.

The declaration contains two counts: First, alleging the consideration of the guaranty to be that Currier would loan the sum mentioned therein to Lumsden & Company; the second,

"that he would receive the note in discharge of a debt previously due to him by L. & Co."

Defendant pleaded, First, general issue; second, that said guaranty was written over his signature without his knowledge, authority, or consent, which plea was verified by affidavit; third, no consideration ; fourth, that the consideration was an antecedent debt of Lumsden & Company; fifth, that plaintiff had not used due diligence to collect the same by suit against the makers; sixth, statute of frauds.

Issue joined on first, second, and sixth pleas; demurrer to third, fourth, and fifth pleas. Special cause assigned, that these pleas amount to the general issue. Demurrer sustained, and the decision of the court excepted to.

The case was tried by the court by consent.

On the trial, the plaintiff gave in evidence the note of Lumsden & Company to plaintiff, and then having proved the signature of Klein to his handwriting, offered in evidence the guaranty, which it was admitted was written by the attorney of the plaintiff, at the time of bringing the suit.

To the introduction of the guaranty the defendant at the time objected, because there was no proof of any authority from Klein to write said guaranty, or that he had made such a contract at the time of giving the note, and because of variance between the consideration set forth in the declaration and that expressed in the writing, and also because the consideration and whole agreement or promise was not in writing, as required by the statute of frauds, and also because the contract could not be proved partly by writing and partly by parol ; and because, in such case, Klein's liability could only be that of second indorser, or at most, of an indorser on the note, — all of which objections were overruled by the court, and the guaranty admitted in the evidence, to which the defendant at the time excepted.

STUART and EDWARDS, for appellant.

S. T. LOGAN, for appellee.

CATON, J.  Lumsden & Company, made their note payable to the order of Currier at the office of the insurance company.   Upon the back of this note Klein wrote his name in blank, over which the plaintiff's attorney wrote the guaranty upon which this suit was brought by the payee.   To the declaration, Klein filed five pleas.   The first was the general issue; the second that the guaranty was written over the defend-

ant's signature without his authority; the third plea averred that the guaranty was made without consideration; the fourth, that the only consideration for the guaranty was a debt of the amount of the note before that time due from the makers to the payee; and the fifth plea shows that the plaintiff had not used due diligence to collect the amount of the note from the makers. Issues were joined upon the first and second pleas. To the third and fourth a special demurrer was filed, assigning for cause, that they amounted only to the general issue; and to the fifth plea a general demurrer was filed. The demurrers were sustained, and this decision presents the first error assigned.

In an action upon a special guaranty like this, it is necessary for the plaintiff to aver and prove a consideration for the guaranty in order to maintain the action.

This is proved, it is true, in the first instance, by showing that the defendant's signature is genuine; for when this is done, the presumption is, that the name was put there at the time the note was made, and as a part of the original transaction, and when that is the case, the consideration for the note is also a consideration for the guaranty. But whenever it is shown that the defendant executed the guaranty after the delivery of the note, in pursuance of some subsequent arrangement, the original consideration for the note will not support the guaranty, and the burden of proof is again thrown upon the plaintiff, to show a new and express consideration for the guaranty. In such a case the defendant is not bound to show the circumstances of the transaction, and establish that there was no consideration, but he is only required to prove the time of the signature, and thus overcome the presumption that it was contemporaneous with the execution of the note. This he can do under the general issue, and he could do no more under a plea of no consideration. Hence, such a plea is, in effect, but the general issue, and for that reason is obnoxious to a special demurrer. Even admitting, what we do not affirm, that this guaranty was such an instrument as is contemplated by the tenth section of chapter 73, R. S., and that the right is there given to the party to plead the defence specially, he should have done so without pleading the general issue, in order to have availed himself of an error in the decision of the court sustaining a demurrer to his special plea. He should not incumber the record with two pleas, when one would secure to him every possible advantage. Admitting that the court was technically wrong in sustaining the demurrer, and still he has sustained no injury by the decision. The general issue opened

the door as widely for the admission of the proof of no consideration, as the special plea could possibly have done. What good to him to have two issues of precisely the same character? If there was error, there was no injury; but we are of opinion there was no error.

The next question arises upon the proof, and here again we are asked to reconsider the decision made in Camden v. McCay, 3 Scam. 437; and Cushman v. Dement, Ib. 497; and again, within the last year, in Carroll v. Weld, 13 Illinois, 682. So far as we are capable of understanding the law on this subject, it is there correctly laid down, and we are unable to appreciate how any court understanding the common law as applied to commercial paper, could ever have held otherwise. How it is possible that the party who puts his name on the back of a note in the hands of the payee, and for his benefit and security, only designed to assume the responsibility of second indorser; that his liability was not designed to be to, but after, the party who was induced to part with his money or property, and to accept the note by reason of that very name, I cannot understand. After Currier had insisted that the name of Klein should be upon the note, before he would accept it as a security for his debt, and had accepted it, relying upon that name, had he been told that Klein could never be liable to him on the paper in case the makers did not pay it, but that, on the contrary, he might be liable to the party who had put his name to the note to add to the security of his debt, he would have had great difficulty in comprehending the wisdom or justice of the law, by which the rights and liabilities of the parties had become thus transposed. If such is to be the law in this State, it must be made so by the legislature. We have neither the authority nor the inclination so to alter the law.

If, in truth, the name of the third party is put on the back of the note, not with the intention of affording additional security to the payee, but to give it currency for his benefit, to enable him to negotiate it, then, indeed, he assumes but the liability of second indorser; but such is very rarely, if ever, the case, (especially in this country,) when the note is given to the payee for a debt actually due him, and where the name of the third party is put on the note at the time of its execution.

The proof in this case rather supports than rebuts the presumption which the law raises. It certainly shows that it was the understanding of Klein himself, at the time he put his name to the note, that it was done, not to enable the payee to negotiate it, but to add to the security of the debt, to unite

his responsibility with that of the makers, that the money would be paid to the payee, when it should become due. The witness Hill had a conversation with Klein the day after the note fell due, of which this account is given in the bill of exceptions: " Klein, meeting witness, inquired whether the note had been sold by Currier to the bank, and was told by the witness that it was not sold, but merely placed there for collection. Klein said it was not paid, though due. Witness asked Klein whether he did not intend to pay it. Klein said, not unless compelled by a course of law; to which witness replied, you are on the note as guarantor. Klein replied, admitted, or admit it, when Lumsden & Company are prosecuted to insolvency."

This may serve to show that Klein supposed that his responsibility as guarantor was contingent upon the insolvency of the makers, but it does not show that there was a special agreement between him and the other party, that his responsibility should be thus limited. In order to constitute such an agreement, the assent of both parties was necessary, and he does not pretend to say that any thing passed between them at the time, indicating that Currier accepted the note and guaranty with the stipulation that Klein's liability should be thus limited, or that he had any such supposition. For aught that appears, the plaintiff understood the character of the liability assumed, to be that which the law attaches to it, in the absence of an express agreement. The understanding, or mental reservation of Klein could not limit the rights of Currier. All the evidence clearly shows that it was not the intention of Klein to become merely a second indorser, as it was insisted on the argument that we should construe his understanding to have been. Should we yield to the argument urged, and hold him to have been but a second indorser, we should, no doubt, do violence not only to the expectations of the payee, but also of Klein himself.

In the absence of an express agreement to the contrary, the law presumes that Klein undertook to pay the note himself, if the makers did not pay it at maturity. Of such an agreement, the proof is wanting. Upon their failure to pay the note when due, his liability became fixed, and the plaintiff had a right to sue him at once upon the guaranty, and recover the amount due upon the note, and in rendering judgment for that amount, we think the court committed no error.

The judgment of the circuit court must be affirmed.

*Judgment affirmed.*