WILLIAM McHARD ET AL.

v.

GIDEON IVES.

</div>

1. NOTE—SIGNING AS SURETY AFTER DELIVERY.—If a person, without knowledge on his part that time was being extended to the principal on condition of security being given, should sign the note as surety, for the sole consideration that the holder should charge the principal with only legal interest, he would not be bound, but if at the time of signing he had knowledge of such agreement for extension on account of his signing, he would be liable. In order to bind him it would not be required that he should know the terms of the agreement, neither would it be necessary that there be a consideration moving to him; the consideration of extension between the two principals being sufficient.

2. INSTRUCTIONS—GIVING SPECIAL REFERENCE TO PARTICULAR TESTIMONY.—An instruction telling the jury that in determining what consideration induced the defendant to sign the note, they are to give greater weight to a letter written by the plaintiff to the defendant just after the signing, than the memory of defendant at that time, is erroneous; it usurps the province of the jury.

APPEAL from the Circuit Court of Mercer county; the Hon.

John J. Glenn, Judge, presiding. Opinion filed February 3, 1880.

Messrs. Pepper & Wilson, for appellants; that the existence of a sufficient consideration between the holder and the maker of the note will bind the surety, cited *Ex parte* Merrett, 13 Ves. Jr. 189; Mosely v. Boothby, 3 Bing. 113; Hunt v. Brown, 5 Hill, 145; Mannon v. Dunham, 3 Hill, 584; Miller v. Gaston, 2 Hill, 188; Roger v. Kneeland, 17 Wend. 114; Clothier v. Adriance, 51 N. Y. 322; Coulter v. Richmond, 59 N. Y. 478; Milners v. Werderhoff, 14 Wis. 21; Dolph v. Rice, 21 Wis. 590 ; Breed v. Hillhouse, 7 Conn. 522 ; Rice v. Alney, 32 Conn. 300.

Generally as to what will be a consideration for a guaranty: Freeman v. Elnon, 37 Mich. 463; Loomis v. Newhall, 15 Pick. 159; Stone v. White, 8 Gray, 589; Moies v. Bird, 11 Mass. 436; Ulm v. Kitteridge, 7 Mass. 233; Walker v. Sherman, 11 Met. 170; Reed v. Evans, 17 Ohio, 128; Mathews v. Meek, 23 Ohio St. 272; Holdsworth v. Rock, 26 Ohio St. 33; Campbell v. Giles, 17 Ind. 126; Stone v. White, 8 Gray, 859; Lange v. Werk, 2 Ohio St. 519: Thomas v. Miles, 3 Ohio St. 274; Doty v. Knox County Bank, 16 Ohio St. 133; Rogers v. Kneeland, 10 Wend. 253.

Messrs. Bassett & Wharton, for appellee; that to charge appellee there must be a new consideration, cited Klein v. Currier, 14 Ill. 237; Parkhurst v. Vail, 73 Ill. 343; Pratt v. Hedden, 121 Mass. 116; Stone v. White, 8 Gray 589; Tenney v. Prince, 4 Pick. 385; Farnsworth v. Clark, 44 Barb. 601; Brandt on Surety, § 9.

A contract between the principals of which the surety knew nothing, will not operate as a consideration for his guaranty: Pratt v. Hedden, 121 Mass. 116; Ellis v. Clark, 110 Mass. 389; Ware v. Adams, 24 Me. 177; Sawyer v. Ferrould, 59 Me. 502; Shupe v. Galbraith, 32 Pa. St. 12; McCorney v. Stanley, 8 Cush. 85; Williams v. Perkins, 21 Ark. 18; Williams v. Marshall, 42 Barb. 524; Parks v. Bradley, 2 Hill 587; Robertson v. Findley, 31 Mo. 387.

An omission in one of a series of instructions to repeat that the "jury must believe from the evidence," if contained in others of the series, will be cured: Miller v. Balthasser, 78 Ill. 202; Nor. Line Picket Co. v. Binninger, 70 Ill. 571; T. W. & W. R. R. Co. v. Ingraham, 77 Ill. 309; Murphy v. The People, 37 Ill. 447.

The instruction to give weight to appellant's letter, taken in connection with others of the series, is not misleading: Guy v. Mead, 22 N. Y. 465; Dupitz v. The People, 34 Ill. 522; Commonwealth v. Knapp, 9 Pick. 506; Snell v. Cottingham, 72 Ill. 125; C. & N. W. R. R. Co. v. Button, 68 Ill. 409; Bossuet v. State, Wright, 113; Fay v. Dudley, 124 Mass. 266; Baptist Church v. Rouse, 21 Conn. 167; People v. Bransley, 32 N. Y. 525; Shorter v. People, 2 Comst. 202; Fowler v. Colton, 1 Pinney, 337; Burr v. Sim. 4 Whar. 156; Davenport v. Schram, 9 Wis. 119; Douglass v. The State, 4 Wis. 410; Dunlap v. Patterson, 5 Cow. 246; Welch v. Ware, 32 Mich. 83; Keator v The People, 32 Mich. 487; Hartford Fire Ins. Co. v. Reynolds, 36 Mich. 508; Commonwealth v. Talbot, 2 Allen, 163.

The only consideration for the guaranty was that only straight interest should be collected, which being a contract not enforcible, there was no consideration: Ferry v. Ferry, 2 Cush. 92: Henry v. Flagg, 13 Met. 64; Gates v. Hackett, 57 Ill. 537; Maine Bank v. Butts, 9 Mass. 545; Leonard v. Villars, 23 Ill. 380; Barker v. International Bank, 80 Ill. 96.

As to agreement to forbear, when it is no consideration: Warren v. Hodge, 121 Mass. 106; Pomeroy v. Slade, 16 Vt. 220; McCune v. Lewis, 9 Cal. 246; Kellogg v. Olmstead, 28 Barb. 96; Michard v. Layard, 4 Minn. 43; Barron v. Vandvert, 13 Ala. 232; Goodwin v. Follett, 25 Vt. 386; Pabodie v. King, 12 Johns. 426.

Appellants did not keep their agreement, and there was a failure of consideration: F. & M. Ins. Co. v. Smith, 63 Ill. 187; Kirkham v. Boston, 67 Ill. 599; Paton v. Stewart, 78 Ill. 481.

As to proof of whole consideration: 1 Chitty's Pl. 298; 1 Greenleaf's Ev. § 58; 1 Parsons on Contract, 455; Mastin v. Toneroy, 2 Scam. 216; Cunningham v. Hobert, 7 Gray, 424;

Stone v. White, 8 Gray, 594; I. B. & W. R. R. Co. v. Rhodes, 76 Ill. 285.

LACEY, J.   This was a suit brought by appellant against appellee and E. J. Denison, on a promissory note as follows:
" New Boston, Ill., June 27, 1873 $6,000.   One year after date I promise to pay to the order of Wm. McHard six thousand dollars, at ten per cent. interest per annum value received.

E. J. DENISON.

GIDEON IVES.

Security.

July 2, '74, rec'd ................................ $  600
Sept. 12, '74  "  ................................  1000
June 14, '75  "  ................................  1000"

The suit as originally brought, was against the makers of the note jointly, and judgment was recovered against them for the amount of the note and interest, and an appeal was taken to this court, and the judgment was reversed for misjoinder of defendants. Gideon Ives, &c., v. Wm. McHard et al. 2 Bradwell, 176, and the cause was remanded to the court below where the suit was dismissed as to Denison, and the declaration amended as to Ives.

The declaration sets out the above note and the signing of it by Denison and that Wm. McHard died Oct. 13, 1873, and the plaintiffs were duly appointed administrators.

That on the 1st day of July, A. D. 1874, Gideon Ives, appellee, signed the note and became a party thereto as guarantor thereof in consideration that the plaintiffs would extend the time for the payment of said note, $1000 until Sept. 1st, 1874, $1000 until 1st Jan'y, 1875, and the balance until and after the 1st Jan'y, 1875, without fixing any time, and would take straight interest on a note held by appellant against Ives & Denison given to Wm. McHard for $3000 on 19 Jan'y, 1865, due in one year with 8 per cent. interest, and would extend the time of payment of said last note till January 1st, 1875.

The declaration shows the insolvency and bankruptcy of Denison and the keeping the promises on the part of appellant.

Upon the trial of the cause in the court below, there was ver-

dict and judgment for appellee, from which judgment an appeal is taken to this court.

The giving of improper instructions on the part of appellee, and refusing proper instructions on the part of appellant, and that the verdict is manifestly against the weight of the evidence are chiefly relied on to reverse the judgment.

The signing of the note by appellee is not denied, but it is claimed on the part of the appellee that the only consideration which moved him to sign the note was, that appellants would not require him to pay more than straight interest on the Ives & Denison note of three thousand dollars, while appellant had been claiming the right to collect interest on interest.

This it is claimed was no consideration at all, for the reason that the note of Ives & Denison did not draw more than straight interest and no more could be collected by law, and that such promise was entirely without consideration and void. The averments of the declaration are supported by the evidence of Wm. McHard, William Doak and Harvey McHard, introduced by appellant.

In opposition to this testimony, appellee testifies that he signed the note sued on, solely for the consideration that the appellant agreed to charge only straight interest on the Ives & Denison note of three thousand dollars, and that he heard and knew nothing about the extension of time on the former note. Denison testifies that the time for the payment of his note was agreed to be extended before appellee agreed to sign it. The occasion of the signing the note in controversy by appellee was at New Boston, on the 1st day of July, A. D. 1874, in Denison's store in the presence of the appellant, appellee, William Doak, Harvey McHard, and E. J. Denison. It was a few days only after the note became due. The appellant had gone from Aledo at the request of the heirs of the McHard estate in order to get security on the note, or to get payment. There is no dispute whatever, so far as the record shows, that the appellee signed the note ; that he did so in good faith, and for the purpose of becoming bound on it as the security of Denison. There is no question but that Denison and appellant agreed to extend the time of the payment of the note as set out

in the declaration.    They all agree to this, who claim to have heard what was said, and Denison himself so testifies.    There can be no doubt that had appellee understood at the time he signed the note as security that he was doing so in consideration, in part at least, that the time of payment was to be extended, that it would not have made the least difference to him. This is upon the supposition that he did not know that fact. He, at that time, as his letters to appellant clearly show, was willing to be bound as security on the note, and signed it in good faith with the full belief that he was bound.    He was not looking for, or expecting there was any want of consideration for the signing of the note that would release him.    Did he know that the agreement on the part of appellant and Denison to extend the time of the payment of the note was made on the condition of his signing as security?    If so, then it is agreed by counsel on both sides that he is bound.

It appears from the evidence that about five days after the note was signed, appellant having taken legal advice in regard to the legality of the signing of the note, and having been informed that in order to hold appellee, he would have to sue the note in the first term of court, and the guaranty not being dated, the presumption would be that it was signed at the time the note was dated, wrote a letter to appellee intimating that he had been deceived, telling him that if he did not wish to stand on the note, he would release him, but would have to have security if time was granted.    That they were willing to wait with security, asking for an immediate reply.    Appellee answered on the 8th of same month, telling appellant that he stated at the time the contract was made, " that the interest on the Denison note should be paid down, and $1000 of the principal in Sept. next, also $1000 in Jan'y next, the remainder at subsequent times," and agreed to straight interest on the Ives-Denison note;   also telling appellant that he then asked him if he would sign the Denison note, and then says he did to do so on condition, that only straight interest should be charged in I. & D. note, and says he cannot be charged with any intent to do wrong, and then adds that for the reasons he signed the note, he agrees to become one of the principals in

the note, etc. " Ives and Denison will make payment of interest at ten per cent. straight through from Sept., '66, to 1st of Jan'y, '75 ; and Mr. D. will respond to his matters as agreed and above specified." This letter is a full acknowledgment that appellant stated over to him at the time he signed the note, the contract with Denison for extension of time.

On the 16th of February, 1875, appellee wrote another letter to appellant in answer to one dated 9th same month, received from the latter, in which it is stated, that the general text of his agreement was set forth in his former letter, and that they were ready to meet the matter fairly under their agreement.

It is true, that appellee testifies that he received the information from Mr. Denison as to the agreement to extend ; but the letters clearly contradict this. His letters having been written while the transaction was fresh, are much more likely to be correct than the statement made by the witness so long afterward. Then, again, it corroborates the evidence of the three witnesses for appellant. Nor does it state that Denison informed him, but avers that appellee stated so at the time.

It is complained that the instructions given for appellee were erroneous, and especially the 2d, 3d, 4th, 5th, 7th and 10th, as being misleading and erroneous in instructing the jury that they should give more weight to one kind of evidence than to another.

In the first place the parties differ somewhat as to the principles of the law in regard to the guaranty. It is claimed by appellant that if the appellee signed the note, and there was an agreement for extension, on condition of there being security given, and appellee afterward signed the note, that he would be bound as guarantor, no difference under what circumstances, and no matter whether he knew of such an agreement or not.

On the other hand, it is claimed that the appellee must have known of the agreement, and assented to it, at the time he signed the note. That if he did not know of the agreement between appellant and Denison, and signed the note only that he should be required to pay no more than straight interest on the other note, then the condition being void, he would not be bound.

McHard v. Ives.

Without going into a general discussion of a question so much mooted, we shall confine ourselves to the law as applicable to the facts, for this case, as well as most others, has its peculiar conditions.   We think that the reasonable rule would be, that if appellee without knowledge on his part, that time was being extended to Denison, on condition of security being given, signed the note for the sole and only reason that appellant should charge him only straight interest on the Denison note, then he could not be liable.   If a party sign a note as security on its first issuance, he is well aware that it is to be passed on his credit, and that the principal is to get a consideration.

In such case no benefit need pass to him; he is equally liable with the principal.   In case of a note already executed and passed, no such presumption arises; he knows the note has been delivered and accepted by the payee, and when he makes an agreement with the payee to sign the note for some consideration passing between himself and the payee, he should not be held bound without proof of knowledge, by some other contract between the payee and maker in regard to the extension of time.

In order to make a contract valid there must be an assent on the part of each contracting party.   There must be a meeting of minds; an agreement either express or implied.

We have no doubt such an agreement would be implied in case the guarantor of a note in a secondary capacity as security knew the payee was getting an extension on account of his signing the note, or some other benefit.   It would not be required to bind him that he should know the terms of that agreement; he would be held by implication, by the act of signing the note, without further inquiry, to give his full assent to whatever the terms might be; to hold otherwise would be to allow him to take advantage of his own negligence and wrong.

We hold also that there need have been no consideration passed as between the appellant and appellee.   The consideration of extension as between the two principals in the note was sufficient if he signed the note as security for the maker, Denison.   There need no benefits go to appellee, but in another and

legal sense it may be called his consideration. The fifth instruction is obnoxious as being ambiguous in this particular: that is, the jury may have been misled to suppose that they must find that some benefit passed directly to appellee in consideration of his signing the note as guarantor, and for that reason should have been made clear. The third instruction is obnoxious to the objection that it restricts the agreement between Denison and appellant as to procuring security to procuring appellee, and not security generally. His signing the note under the general agreement that Denison would procure security would be as valid as if it were to be appellee himself who had been agreed upon.

The seventh instruction is erroneous in telling the jury that in determining what consideration induced appellee to sign the Denison note, they are to give greater weight to appellant's letter to appellee written just after the signing, than the memory of appellee at the time, because the matter was then fresh in his mind. This is usurping the province of the jury, besides, the letter does not purport to give the details of all the agreement.

It also had a tendency to impress on the minds of the jury that the letter was of a very conclusive character against appellant as viewed by the court, and although appellee's letters were mentioned in the same instruction, the jury are not told to give them the same weight. The letters should only be taken into account with all the other evidence, and the jury should give all the evidence such weight as they may think it deserves. Therefore, for the reasons that the verdict is against the weight of the evidence and on account of the erroneous instructions, the judgment is reversed and the cause remanded.

Reversed and remanded.