Cassell v. Morrison.

## MARTIN H. CASSELL
### v.
### ISAAC L. MORRISON.

1. PROMISSORY NOTE—PLEA OF NO CONSIDERATION.—To an action on a promissory note, by an assignee, a plea of no consideration is bad on demurrer if it fails to aver that the note was assigned after its maturity.

2. PRINCIPAL AND SURETY—LEVY UPON LANDS OF PRINCIPAL.—A plea that the plaintiff had attached lands of the principal maker of the note, and that such levy of attachment was still pending and undertermined, presents no defense to an action of *sci. fa.* against the surety on the note. Levy upon real estate is not, like a levy upon personal property, a *prima facie* satisfaction.

3. SIGNING NOTE BY ANOTHER AFTER DELIVERY—CONSIDERATION.— Where a third person signs a note after it has been delivered by the maker to the payee, he becomes a surety or guarantor, and his undertaking must be supported by a new or independent consideration.

ERROR to the Circuit Court of Morgan county; the Hon. CYRUS EPLER, Judge, presiding. Opinion filed January 28, 1881.

Mr. OSCAR A. DELEUW, for appellant; that a consideration is necessary to support the promise of one who signs a note after delivery, cited Honeyman v. Jarvis, 64 Ill. 366; Massey v. Robertson, 5 Bradwell, 476; 1 Parsons on Contracts, 496; Ware v. Adams, 24 Me. 177; Story on Promissory Notes, 614; Good v. Martin, 5 Otto, 90; Leonard v. Vredenburg, 8 Johns. 207; Hall v. Farmer, 5 Denio, 484; Marrow v. Durham, 3 Hill, 584; Hough v. Gray, 19 Wend. 202; Oakley v. Boorman, 21 Wend. 588; D'Wolf v. Ruband, 1 Pet. 476.

The plea of levy of attachment upon lands of the principal, was good on demurrer: Trenary v. Cheever, 48 Ill. 28; Yourt v. Hopkins, 24 Ill. 326.

Mr. ISAAC L. MORRISON, for appellee, cited Flinn v. Owen, 58 Ill. 111; Parsons on Contracts, 468; Honeyman v. Jarvis, 64 Ill. 366.

DAVIS, J. This was a proceeding by *scire facias* instituted by defendant in error, against plaintiff in error, to make the latter a party to a judgment obtained by Morrison against Harrison O. Cassell.

To the writ of *scire facias*, the defendant below filed three special pleas.

The second plea is as follows: "And for a further plea in this behalf, by leave, etc., the defendant, Martin H. Cassell, comes and sheweth cause, etc., etc., because he says that the cause of action on which the judgment against Harrison O. Cassell, mentioned in plaintiff's writ and declaration, was and is on the following described promissory note, viz:

$2,000.            JACKSONVILLE, ILL., February 28, 1876.

"One day after date I promise to pay to George W. Hagerty, or order, the sum of two thousand dollars, for value received, to bear interest at the rate of ten per cent. per annum, until paid.

H. O. CASSELL,
M. H. CASSELL.

And the defendant avers that said Harrison O. Cassell was and is the principal maker of said note, and signed the same at the date it purports to have been executed, and that the said Harrison O. Cassell then and there and without the signature of defendant, Martin H. Cassell, delivered the said note to George W. Hagerty, the payee thereof. That after the making and delivery of said note by Harrison O. Cassell to said Hagerty aforesaid, and on, to-wit, the 1st day of March, A. D. 1877, the said defendant, Martin H. Cassell, signed said note, as it appears thereon. And now this defendant avers that when he so signed said note there was not, nor was there at any time, any good and valuable consideration for said promissory note, nor was there any good and valuable consideration moving from the plaintiff, nor said George W. Hagerty, the payee of said note, to this defendant when he so signed said promissory note, nor did there at any time move from the plaintiff or said George W. Hagerty, the payee of said note, to this defendant any good and valuable consideration for the signing of said note by this defendant; and the defendant further avers that said George W. Hagerty, the payee of said note, assigned the same to the plaintiff after its maturity and after it was signed by this defendant, and of this the defendant puts himself upon the country, etc.

The first plea was substantially the same as the foregoing, except that it lacked the averment that the note was assigned by Hagerty to the plaintiff, after its maturity.

The third plea avers that the note was assigned after maturity. That the plaintiff sued out a summons in assumpsit on said note, directed against both Harrison O. and Martin H. Cassell, which was served upon Harrison O. Cassell, and returned "not found," as to Martin; and afterwards the plaintiff sued out a writ of attachment in aid of said common law suit against the estate of said Martin H. Cassell, which was levied upon certain town lots of said Martin, and that a certificate of such levy was filed by the sheriff as required by law, and became a lien and incumbrance on said premises; and which levy of said attachment writ is still pending and undisposed of, etc., etc.

To each of these pleas a general demurrer was interposed, which was sustained by the court, and the defendant standing by his pleas, a judgment was rendered against him for costs. To reverse this judgment this writ of error is prosecuted.

The first and third pleas are clearly bad, and the demurrer was properly sustained to them.

The first presents no defense to the note sued on, in the hands of an assignee before maturity. To make available the defense of want of consideration, the assignment of the note after maturity should be averred. The objection to the third plea, is that a levy upon real estate is not like a levy upon personal property, a *prima facie* satisfaction. Such a levy is no bar to the revival of a judgment. Robinson v. Brown et al. 82 Ill. 280.

But we think the second plea presents a good defense. The facts as averred are, that Harrison O. Cassell was the principal maker of the note, and when it was delivered to Hagerty, the payee, Harrison alone executed it. That after it had been signed and delivered by the maker to the payee, the plaintiff in error signed it without any good and valuable consideration. Here was a complete and executed contract between the maker and payee. The signing of the note afterwards by a new party was the making of a new and independent contract, and like all other contracts, it required a consideration to support it.

By that act, the plaintiff in error became a surety or guarantor, and the rule is, that where a surety or guarantor enters into the engagement subsequently to the original transaction, it must be supported by a new or independent consideration. 1 Parson on Contracts, 6 ed. p. 244; Good v. Martin, 95 U. S. R. 90.; Joslyn v. Collison, 26 Ill. 62; Harwood v. Kierstead, 20 Ill. 367; Story on Promissory Notes, p. 619, Sec 467.

But the consideration may be, under certain circumstances the original consideration for the note. In this case, however, the plea negatives any connection between the original consideration and the subsequent undertaking of plaintiff in error, for it avers that when he signed the note there was not,

*nor was there at any time* any good and valuable consideration of the note. The court erred in sustaining the demurrer to the second plea, and therefore the judgment must be reversed and the cause remanded.

Judgment reversed.