## ISAAC EDWARDS
### v.
## THE TRUSTEES OF SCHOOLS.

*Negotiable Instruments—Note—School Funds—Loan on Personal Security—Signature after Maturity—Agreement to Forbear—Consideration—Pleading.*

1.   A plea in abatement to several counts of a declaration is waived by a subsequent plea in bar.

2.   The loan of school funds upon personal security in a larger amount than is prescribed by statute will not render void a note given therefor.

3.   A special plea which simply traverses a portion of the facts which the plaintiff is bound to prove to establish his right to recover under the declaration, is bad as amounting to the general issue.

4.   In an action on a promissory note against one who claims that his signature was affixed after the maturity of the note, this court holds that the evidence does not show a new and express consideration.

### [Opinion filed May 25, 1889.]

APPEAL from the Circuit Court of Lee County; the Hon. JOHN P. ALTGELD, Judge, presiding.

Messrs. J. E. LEWIS and A. K. TRUSDELL, for appellant.

Messrs. P. M. JAMES and DIXON & BETHEA, for appellees.

UPTON, J.   This was an action of assumpsit commenced in the Circuit Court of Lee county on a promissory note of the following tenor:

. "Amboy, December 12, 1868.

"$150.  One year after date we promise to pay to the Board of Trustees of Schools of Township 20, Range 10, in Lee county, for the benefit of the school fund of said township, one hundred and fifty dollars, with interest at the rate of ten per cent per annum from date until paid, payable semi-annually in advance.

" And we further agree to give any additional security which said trustees may at any time require, and no extension of the time of payment, with or without our knowledge, by the receipt of interest or otherwise, shall release us, or either of us, from the obligation of payment.

Signed　　"H. S. Sweet,

"R. P. Treadwell,

"Cyrus Bridgeman,

"Isaac Edwards."

The amended declaration contained five special counts, and the consolidated common count.

The appellant interposed a plea in abatement to the 1st, 2d, 3d and 4th counts, a general demurrer to 'the 5th count and the general issue to the 6th count.

These several pleas were filed in May, 1885.  On the 16th of January, 1888, the appellant filed in said cause two pleas: first, non-assumpsit to the declaration; second, a special plea in bar to the whole declaration, averring that the note in question was given for township school funds, loaned on the personal security of the makers thereof, and in excess of the amount permitted by the statute of this State to be loaned on personal security, and therefore void, etc.

To this second plea appellees demurred, and that demurrer was sustained by the trial court, and appellant elected to stand by his said plea.  On the 25th of April, 1888, appellant filed his other special plea in bar to the fifth count of the declaration, averring therein that the sole cause of action was the note in the fifth count of plaintiff's declaration mentioned; that long after said note became due, appellant signed it, without any good or valuable consideration therefor, etc.; to which plea a

demurrer was interposed and sustained upon the ground that it amounted to the general issue, and the appellant elected to stand by said plea.

The issues presented by the pleadings arise upon the plea of non-assumpsit, as before stated, and the correctness of the ruling of the trial court upon the demurrer of the several pleas as above set forth.

The question sought to be raised by the several pleas in abatement filed in this case in May, 1885, are entirely nugatory, being waived by appellant in pleading over to the whole declaration in January, 1888. Klein v. Currier, 14 Ill. 237.

First. Was the appellees' demurrer to appellant's plea filed January 16, 1888, properly sustained by the trial court?

This plea avers that the several supposed promises in said declaration mentioned were made upon consideration of township school funds of township 20, range 10, in Lee county, Ill., then under control of appellees, and by it loaned to one H. S. Sweet in a sum exceeding $100, to wit, in the sum of $150, upon the personal security of R. P. Treadwell and Cyrus Bridgeman, whereupon, etc., said promises were void, and appellant prayed judgment, etc.

Sec. 57, Chap. 98, Gross' Stat. of Ill., 701, among other things, provides that "all loans of school moneys by township treasurers, etc., for a longer term than one year, or for a larger sum in amount than one hundred dollars, should be secured by mortgage on unincumbered real estate in double the value of the amount of such loan," etc.

Appellant's contention, therefore, is that under the above recited statute the note in said plea mentioned and here in question is void and can not be enforced. To this we can not yield our assent. The obvious intent of the statute in question was to protect the school funds and the interest of the public therein. It must, therefore, be construed with that intent in view. The defendant's plea in that behalf clearly can not be availing to defeat a recovery in this case, and the demurrer thereto was properly sustained. 2 Morawetz on Corp., Secs. 673 and 674, and cases there cited; Gold Mining Co. v. Nat. Bank, 96 U. S. 640; National Bank v. Case,

99 U. S. 633; Little v. O'Brien, 9 Mass. 423; National Bank v. Stewart, 107 U. S. 676; Nat. Bank v. Whitney, 103 U. S. 99; Lester v. Howard, 33 Md. 558.

Second. Was the demurrer to appellant's plea filed April 25, 1888, rightfully sustained? That plea applied to the fifth count of the declaration only. It alleged that appellant signed the note in question after the same was delivered, and after it fell due, without valid consideration therefor.

This plea was bad. It was but a traverse of a portion of the facts alleged in the fifth count of the declaration, and which appellee was bound to prove in order to establish its right to recover in this action. Knoebel v. Kircher, 33 Ill. 308; Klein v. Currier, *supra.*

When it is shown that defendant's signature is genuine, then a consideration is presumed, and the further presumption attaches that the note was signed at the time of its execution, or at the date thereof. But when it is shown that the signature was put thereon after the execution and delivery of the note, in pursuance of some subsequent arrangement, then the further proof is upon the plaintiff to show a new and express consideration therefor. Klein v. Currier, *supra.* This want of consideration, we think, is fully established in this case.

The plea alleges that appellant signed the note in question after its delivery, and after the same became due by its terms, in consideration of an agreed forbearance to sue the original makers thereof for "*a reasonable*" time, and alleges actual forbearance and delay to collect the note, according to such agreement, for "*a reasonable time.*" This is the only consideration claimed by appellee, and the evidence wholly fails to establish that claim.

There is no evidence tending to show an agreement to extend the payment or to forbear the collection of the note to any definite or fixed time, or even that a reasonable time was agreed upon, or that appellant had any notice, knowledge or information of an agreement to extend payment or forbear collection of the note in question when he signed the same, and hence that could not have been, as to appellant, a money consideration in signing the note.

Therefore, an essential element of a cause of action against the appellant is wholly wanting, and it was erroneous to give judgment for appellees when their evidence failed to show any sufficient consideration for the alleged promise. Joslyn v. Collinson, 26 Ill. 62; Blanchard v. McCuller, 7 Ill. App. 436; Cassell v. Morrison, 8 Ill. App. 175; Anderson v. Norville, 10 Ill. App. 240; McHard v. Ives, 5 Ill. App. 400, and cases cited therein.

For this reason the judgment of the Circuit Court is reversed without costs or judgment for costs against appellee, and the cause remanded.

*Reversed and remanded.*