## Charles Kaestner et al. v. The First National Bank.

1. CONSIDERATION—*Evidence as to, When Admissible.*—Under a plea alleging a want of consideration for a guaranty, evidence showing what the consideration was, is properly admissible.

2. VARIANCE—*Parties Not Sued.*—The fact that the evidence in a suit upon a guaranty showed that others, not made parties, also guaranteed, does not disclose a variance.

3. WAIVER—*Of Replication.*—Where only a formal replication is needed, it is waived by going to trial without it.

4. GUARANTY—*Questions in Suit upon.*—In a suit upon a guaranty stamped on the back of a promissory note, the question is not alone when the guaranty was stamped on the note, but rather, was it the expression of a valid contract made by the defendants.

Assumpsit, upon a guaranty. Appeal from Circuit Court of Cook County; the Hon. ABNER SMITH, Judge, presiding. Heard in this court at the October term, 1896. Affirmed. Opinion filed January 21, 1897.

REMY & MANN, attorneys for appellants.

ORVILLE PECKHAM, attorney for appellee.

Mr. Justice Waterman delivered the opinion of the Court.

Appellee brought suit against appellants, as guarantors of the following note :

" $3,000.                    Chicago, November 12, 1892.

Three months after date I, or we, promise to pay to the order of Chas. Kaestner & Co., three thousand dollars with interest at six per cent per annum, at room 218, First National Bank.

Coleman & Ames White Lead Co.,

Per Geo. J. Williams,

Mgr. & V. Prest."

(Seal.)

On the back of the note when offered in evidence were the following indorsements :

" Chas. Kaestner & Co."

" For value received we indorse and assign this note to First National Bank, Chicago Ill., and do further hereby guarantee the payment of the same at maturity or any time thereafter, with interest at seven per cent per annum until paid, and agree to pay all costs and expenses paid or incurred in collecting the same.

George J. Williams.

Charles Kaestner & Co."

Appellants, by plea under oath, denied the execution of the guaranty, and also filed a plea of want of consideration, to which plea no replication was filed by appellee.

There was a verdict in favor of appellee for the face of the note with six per cent interest from its date, and after motions of appellants for a new trial and in arrest of judgment were overruled, a judgment was rendered upon the verdict.

Counsel for appellant say :

" The question of paramount importance in this case was as to whether the guaranty sued on was on the back of the note at the time Hecht, one of the appellants, wrote the firm name of Kaestner & Co. thereon. As to this question there was great conflict in the testimony."

Having examined the conflicting evidence as to this mat-

ter, we find no sufficient reason for interfering with the conclusion of the court below in this regard.

Appellants having filed a plea alleging a want of consideration for the guaranty, evidence was properly admitted to show what the consideration was.

The objection that appellee did not bring suit against all the guarantors, if valid, was not interposed by a proper plea.

The evidence showed that the defendants guaranteed; proof that others also guaranteed, did not disclose a variance.

The case was tried as if a replication to the defendants' plea of a want of consideration had been filed. If this plea was as shown in the abstract, only a formal replication was needed, and this appellant waived by going to trial without it. Ross v. Reddick, 1 Scam. 73; Strohm v. Hayes, 70 Ill 41; W. C. St. Ry. Co. v. Kreuger, p. 450, this volume.

In Klein v. Currier, 14 Ill. 237, it was held that in suit upon a special guaranty, no special plea for want of consideration is necessary.

The question was not alone when the guaranty was stamped on the note, but rather, was such guaranty the expression of a valid contract made by the defendants.

The court, therefore, properly refused to instruct the jury that unless the plaintiff proved its case by a preponderance of the evidence, they should find for the defendants.

The judgment of the Circuit Court is affirmed.