PFEIFFER, Plaintiff in Error v. KINGSLAND *et al.*, Defendants in Error.

1. An agreement guarantying the performance of a contract previously entered into with another, though in writing, must have a consideration to be valid and binding.

*Error to St. Louis Court of Common Pleas.*

This was an action upon the following guaranty, bearing date October 27, 1832 : " We agree to guaranty that Mr. M. Drummond will do all that he says he will do in building machinery for a two horse grist-mill for Mr. Pfeiffer. [Signed] Kingsland & Cuddy." Drummond had agreed, August 4, 1852, to build and finish for Pfeiffer the machinery for a two

horse grist-mill. The plaintiff failing to show any considera-
tion for said guaranty moving between himself and defen-
dants, the court excluded evidence tending to show a breach
of the original contract on the part of Drummond. The court
instructed the jury that upon the evidence the plaintiff could
not recover; whereupon plaintiff took a non-suit, with leave
to move to set the same aside.

*Kribben*, for plaintiff in error.

I. The defendants do not set up a want of consideration in
their answer, but defend upon the main merits of the case.
(See generally 8 Johns. 29; 1 Parsons on Cont. 496; 2 Hall,
474; 17 Johns. 113; 2 McLean, 103; 5 Bingh. 113; Ro-
berts on Frauds, 117; 2 Co. Rep. 2 Atk. 560; 1 Chitty Pl.
71; 2 Bingh. 464; 1 McLel. & You. 205.)

*Hitchcock* and *Gibson*, for defendants in error.

Scott, Judge, delivered the opinion of the court.

A sufficient consideration, or recompense, or motive, or in-
ducement, to make the promise upon which a party is charged
is of the essence of a contract not under seal except in cases
where the statute law has introduced a different rule. A
promise by a party, even in writing, to pay a debt already in-
curred by a third person is not available if there be no new
consideration. An undertaking to answer for the debt of
another, though in writing, is void if no consideration move
between the plaintiff and defendant, either of forbearance or
otherwise. A guaranty of a note, like any other promise,
without a consideration, is void. But if the undertaking is
cotemporaneous with the creation of the original debt, the
guarantor is presumed to participate in the original conside-
ration. (Leonard v. Vredenberg, 8 Johns. 29.) It is en-
tered of record "that it is agreed that Drummond proved
that no consideration passed between plaintiff and defendants
for the guaranty sued on." The guaranty was not made
until the time of performing the act guarantied was about to
expire, long after the original contract had been made. There

is no evidence showing that after the date of the guaranty the plaintiff paid any money to Drummond on the faith of it; had such been the fact the case might have been different. It appears that all the money Drummond received was paid to him before the date of the guaranty. If any money was due Drummond he had a remedy in his power for any breach of contract on the part of Drummond. Judge Ryland concurring, the judgment will be affirmed; Judge Leonard absent.