ROBERTSON, Respondent, v. FINDLEY *et al.*, Appellants.

1. No consideration need pass directly between the obligee in a bond and the surety. The consideration which supports the principal's contract will support that of the surety. Notwithstanding the promise of the surety may appear to be founded on a past or executed consideration, he may nevertheless be liable; for the consideration may have moved at the instance or request of the surety, and if so, the promise is not a naked one, but is coupled with the precedent request, and the subsequent undertaking will be valid and binding upon him, and such request may be inferred from the circumstances and the nature of the transaction.

2. A. and B. were partners. A. sold out to B., the latter assuming all the liabilities and indebtedness of the firm. To secure A., B. gave him a bond with C. as surety. A. sued B. and C. on the bond. Both were served, but B. did not answer, and judgment by default was entered against him. C. answered and on the trial introduced B., his co-defendant, as a witness in his behalf, to prove that the sale of merchandise by A. to B. took place three or four days previous to the execution of the bond, and that full possession was given to B. at the time of sale. *Held*, that B. was a competent witness in behalf of C.

## Appeal from Carroll Circuit Court.

Findley and Robertson were partners in business. On the 19th of August, 1857, Robertson sold out his entire interest in their stock of goods to Findley, together with all the rights, credits and evidences of debt due the firm, and Findley promised to pay all demands against the firm of every nature whatever, and to hold Robertson free and harmless from all liabilities of the firm. For the purpose of securing Robertson against all the liabilities of the firm, Findley as principal and Guillett as his security executed to Robertson a bond, bearing date 19th August, 1857. This action is brought on that bond and was produced in evidence at the trial. Both defendants were served, and Findley not appearing, judgment by default was rendered against him. Guillett appeared and answered, admitting the execution of the instrument sued on, but alleged that it was executed by him some three or four days after its date, 19th August, 1857; that said sale between Findlay and Robertson took place three or four days before said instrument was executed,

and that when executed the date was left blank, and afterwards filled up.   At the trial defendant, Guillett, offered as a witness in his behalf, his co-defendant, Findley, to prove that the goods were sold and delivered by Robertson to him, Findley, three or four days before the instrument sued on was executed.   The court refused to permit Findley to testify.

*Harris*, for appellants.

I. The petition as against Guillett does not state facts sufficient to constitute a cause of action.   The petition does not show that the sale was made at the instance or request of Guillett, the surety, but it does show that the sale was made before execution of the instrument sued on, and that the consideration of said instrument as to Guillett was past executed.   The petition where it recites a portion of the instrument (and the instrument itself which is made part of the petition,) states that, " whereas William C. Findley *did*, on the 19th day of August, 1857, purchase from Edward C. Robertson the stock of goods, wares, &c."   This is the only part of the petition or instrument of writing which purports to set forth the consideration of the instrument.   It speaks in the past tense : " Whereas William C. Findley *did*, on the 19th of August, purchase," &c. ; and although upon the face of the petition and instrument it appears that the sale and instrument were made on the same day, that can make no difference, as the lapse of an hour after the sale would have the same effect as the lapse of a month.   The case of Parker v. Bradley, 2 Hill, 585, is almost identical with this, and is relied on as decisive that the petition in this case is fatally defective.   (See also as to executed consideration : Pfeiffer v. Kingsland, 25, Mo. 66 ; Leonard v. Vredenburg, 8 Johns. 28 ; Chaffee v. Thomas, 7 Cowen, 360 ; Dearborn v. Bowman, 3 Metc. 155 ; 2 Amer. Lead. Cas. 126 and *seq*. and 146.)   The undertaking of a surety is to be construed strictly.   (Blair v. Perpetual Ins. Co. 10 Mo. 559.)   Sureties are favorites, both of courts of law and equity—both in law and equity

contracts involving their rights will, so far as respects them, receive a more rigid and less liberal construction than between the original contracting parties. As against a surety, the contract can not be carried beyond the strict letter of it. (Ludlow v. Simonds, 2 Caine's Cases in Error, 29 & 49.)

II. Findley was a competent witness for Guillett, a judgment by default having been rendered against him at the previous term. (United States v. Leffler, 11 Pet. 86; Bradley v. Neal, 16 Pick. 501; Chaffee v. Jones, 19 Pick. 262; 1 Greenl. Ev. 355–6; Ganett v. Ferguson, 9 Mo. 126; Coons v. Green, ib. 200.) The whole matter as to which it was proposed to examine him was simply whether as between plaintiff and Guillett there was any thing which amounted to a valid consideration for Guillett's undertaking; his own liability was already fixed and certain. (Beale v. Finch, 1 Kernan, 128; Sess. Acts 1857, p. 181; Blodgit v. Morris, 4 Kernan, 482.)

*Ray*, for respondent.

I. It is denied on behalf of respondent that the instrument of writing sued on and read in evidence to the jury, was or is, as against said Guillett, invalid and void upon the alleged ground that it showed on its face that it was made upon a consideration which, as to said Guillett, was past and executed. It is insisted for respondent that the sale of goods, wares and merchandise, and the assumption of partnership liabilities, together with the execution and delivery of the instrument of writing sued on, (as mentioned in said petition and the instrument itself,) all taken together, constitute but one original entire transaction; that the execution and delivery of the instrument sued on was but the consummation of the trade—was in fact the trade itself.. Beyond and outside of this instrument itself, there is no evidence whatever of a trade between the parties—was in fact no such trade. This instrument is at once the bargain of sale, and transfer and assumption of partnership liabilities, the security for its performance; and, as such, was and is based upon

a good and valid consideration, both as to the security and the principal. Even if the promise of defendant Guillett, in this instance, was founded on a past or executed consideration, it does not necessarily follow that it is therefore invalid and void. If the past consideration moved at his instance or request, it is good and binding. I refer to the following authorities : 14 Johns. 188 ; 8 Johns. 28 ; 10 Johns. 243 ; 11 Johns. 221 ; 3 Hill, 584.)

II. It is confidently affirmed for respondent that Findley was and is incompetent as a witness for his co-defendant Guillett, he being a party to the action. (See R. C. p. 1577, § 7; 23 Mo. 579; 17 Mo. 367; 19 Mo. 263; 15 Mo. 28.) The last case was decided under the old law. Cases in 17 and 19 Mo. under the law of 1849, and that in 23 Mo. under the act of 1855. Under the former, it was held very properly that the only effect of that statute was to restore competency to a particular class, not to exclude any by a new rule. The latter goes much farther, and undertakes to define and does define by positive rules who shall and who shall not be a competent witness. Incompetent witnesses by that act are divided into nine classes—among them, parties to the action constitute one class.

EWING, Judge, delivered the opinion of the court.

The instrument on which this suit is founded, it is insisted, is inadmissible as evidence, because it shows upon its face that the sale was made before its execution, and that the consideration was past and executed. It recites that " whereas W. C. Findley did, on the 19th day of August, 1857, purchase from Edward C. Robertson, the stock of goods," &c. ; and this language, it is maintained, expresses a past consideration, and there is nothing from which it could be inferred that there was any request from the surety. In support of this position we are referred to Parker v. Bradley, 2 Hill, 586, a case in some respects like this, where similar language in the instrument was held to denote a past or executed consideration ; and the instrument being a mere

guaranty on the part of the sureties, was held void under the statute of frauds. In that case, however, it was observed by the court that "the main difficulty arose from the omission of the defendants (sureties) to affix their seals to the instrument in question, which bore in other respects the form of a common bond"; and being but a simple contract, it was necessary under the statute of New York that the consideration be expressed. Had it been under seal, however, the inference from the decision is that it would have been valid as importing a consideration. By reason of the omission to express in the body of the instrument here sued on that it was sealed, although seals are affixed to the signatures, it is not technically a bond. But this is not necessary, we apprehend, to impart a consideration in this state.

Be this as it may, however, notwithstanding the promise of the surety may appear to be founded on a past or executed consideration, he may nevertheless be liable. For the consideration may have moved at the instance or request of the surety, and if so, the promise is not a naked one, but couples itself with the precedent request and the subsequent undertaking will be valid and binding upon him, and such request may be inferred from the circumstances and the nature of the transaction. (Theob. Pr. & S, p. 4; Moore v. Fox, 10 J. R. 243.) If, therefore, Findley received a sufficient consideration to uphold the promise on his part, it was sufficient to bind the surety. No consideration need have passed directly between the plaintiff and surety. If it were one entire and original transaction, the consideration which supports Findley's contract supported that of Guillett. Had, however, the contract between Findley and Robertson been executed and entirely past before Guillett became surety, so that his promise could not connect itself with the original contract, a distinct consideration would have been necessary. (See 8 J. R. 37; United States v. Linn et al., 15 Pet. 314.)

We are of opinion Findley was a competent witness for his co-defendant under the act of 1857. (Sess. Acts, p. 181.) This act says, a party may be examined on behalf of

his co-plaintiff or co-defendant, as to any matter in which he is not jointly interested or liable with such co-plaintiff or co-defendant, and as to which a separate and not a joint verdict or judgment can be rendered. The defence relied on by Guillett concerns him alone, goes to his personal discharge, and is one in which his co-defendant is not jointly interested or liable with him. The matter set up, if sustained, would not affect the liability of Findley; the transaction as to him will remain unimpeached, and his obligation remain in full force. Like the plea of infancy, or forgery of the signature, the validity of the instrument as to the other party will, of course, be left unimpaired. It is scarcely necessary to add that the matter as to which Findley was called to testify was one also in which a separate and not a joint judgment could be rendered.

The third instruction asked by the defendant was properly refused, for reasons already stated in connection with the admissibility of the instrument of writing sued on.

Judgment reversed and the cause remanded; Judge Napton concurring. Judge Scott absent.