SAMUEL T. WILLIAMS' ADMR. v. WILLIAM WILLIAMS *et al.*, *Appellants.*

1. Interest: PROMISSORY NOTE. Ten per cent. interest will not be allowed on a note that does not call for that rate.

2. Wife, Competency as a Witness: AGENCY. In order to make the testimony of a married woman admissible in a suit to which her husband is a party, on the ground that she acted as his agent in the transaction to which it relates, the fact of her agency must be

| 67 | 661 |
| 35a | 674 |

| 67 | 661 |
| 45a | 18 |

| 67 | 661 |
| 115 | 204 |

| 67 | 661 |
| 119 | 625 |

| 67 | 661 |
| 57a | 470 |
| 59a | 102 |

| 67 | 661 |
| 127 | 333 |

| 67 | 661 |
| 65a | 477 |

| 67 | 661 |
| 152 | 675 |

| 67 | 661 |
| o160 | 667 |

| 67 | 661 |
| 163 | 339 |
| 163 | 340 |

shown by some competent witness, and she is not a competent witness for that purpose. *Chesley v. Chesley*, 54 Mo. 347, disapproved.

3   **Contract**: NUDUM PACTUM: CONSIDERATION: DELIVERY. One who becomes party to a note, after it has once been delivered and the consideration has passed between the original parties, incurs no liability, unless there is some new consideration and a redelivery of the note. The fact that he signs in the presence of the holder does not, by itself, amount to redelivery.

*Appeal from Lawrence Circuit Court.*—HON. JOSEPH CRAVENS, Judge.

*H. Brumback* for appellants.

*Landrum & Teel* for respondent.

HENRY, J.—This suit was commenced before a justice of the peace on a note alleged, in the statement filed, to have been executed "on or about the first day of October, 1874, whereby defendants promised to pay to Samuel T. Williams, for value received, ninety dollars in —— months from date thereof." The justice rendered a judgment for plaintiff, from which defendants appealed to the circuit court, where plaintiff again had judgment, from which defendants have duly prosecuted their appeal to this court. The bill of exceptions is very imperfect. No date is given to any order, motion or proceeding in the cause. It does appear that it was tried at the February term of the Lawrence circuit court, but whether on the first, last or what day in February, or whether in that month, there is nothing to show, and, while it also appears that the jury committed an error in the amount of interest allowed on the note, and that a *remittitur* was entered by plaintiff of $6.70, it is impossible to tell, from this record, whether that was an amount sufficient to cure the error.

The court instructed the jury to allow ten per cent. interest on the note from its date. The statement filed with
1 INTEREST: promissory note. the justice of the peace did not allege that the note bore interest at ten per cent. per annum, or what

rate of interest it bore. There was no evidence to show that any rate of interest was named in the note when the note was executed or dated, or when it became due. It was essential to the recovery that plaintiff should have proved these facts, yet the record contains not a syllable of evidence tending to establish them.

On the trial Mrs. Williams, the widow of Samuel T. Williams, was introduced as a witness and permitted to **2 WIFE, COMPE- TENCY AS A WIT- NESS: agency.** testify, to which defendant objected. The ground upon which she was permitted to testify was that she was the agent of her husband in lending the money which was the consideration for the note; but she was the witness, and the only witness, who testified to her agency in that transaction. Our statute allows a married woman to testify in a suit to which her husband is a party where the transaction was had and conducted by her as her husband's agent. This she could not do at common law. In the case of *Chesley v. Chesley et al.*, 54 Mo. 347, the court observed: "Except as modified by our statute, husband and wife cannot ordinarily be witnesses for or against each other. However, even at common law, the wife might testify in her husband's behalf when employed as his agent in any given transaction." But the court evidently did not carefully consider that question, remarking that, if the testimony of the husband in that case were entirely disregarded, there was ample evidence to sustain the finding of the court below. There were a few exceptional cases mentioned in the elementary works in which, at common law, the wife could testify in cases in which the husband was a party, but it is not a general principle of the common law that the wife can testify in her husband's behalf when employed as his agent in any given transaction. Greenl. on ·Ev., p. 481, secs. 334–337. In section 343 some of the exceptions to the general rule are stated. Another familiar exception is where a suit is instituted against a common carrier or hotel-keeper for the loss of the contents of a wife's trunk, in which, from

necessity, she has been permitted to testify to the contents, but then the loss of the trunk must be proved by other evidence. Another is where the husband's account-books have been kept by his wife, and are offered in evidence in an action brought by him for goods sold. Here, it has been held, she may testify that she made the entries by his direction and in his presence. But the causes which establish these exceptions recognize the general rule, and we have failed to find a case or an authority stating the law to be as announced in *Chesley v. Chesley*. If such had been the common law, there would have been no necessity for the provision in the statute.

In most of these exceptional cases it appears, from the very nature of the suit or prosecution, that the circumstances existed which authorized the wife to testify, but we apprehend that where these facts did not appear the wife could not testify until, by other evidence than her own, they were established. In the last exception which we have mentioned, before the wife should be allowed to testify, the husband should be required first to prove by other evidence that his account-books were kept by the wife. In the case of *Littlefield v. Rice*, 10 Met. 287, this was not required, but the point was not made, nor was the question discussed by the court. The wife was permitted to testify that she made the entries in her husband's book of account without proof first being made that she kept the books. The husband himself, if he had kept the books, would have been a competent witness. This case is that of a witness generally incompetent, and only made competent when a particular state of facts exist. Can the wife be a witness to testify to the state of facts which makes her a competent witness? *Prima facie* she is incompetent. How is she to be made competent? By evidence proving certain facts which make her competent. How are these facts to be established? Certainly by a competent witness, which the wife is not until the facts are first established which make her competent. It seems to me that

her competency must first be established by other evidence than her own, and that the court erred in admitting her testimony alone to prove her agency.

Several weeks after the note sued on was executed by William Williams, the defendant Shelton signed it as a joint-maker. No new consideration passed between him and the payee, or the payee and William Williams. After Shelton signed, he kept possession of the note for several months, and it was never afterwards delivered to Samuel T. Williams or to his executors, but was in the possession of William Williams when the suit was instituted. It was delivered to Samuel by William Williams, and was binding on him, notwithstanding it was never redelivered to said Williams after Shelton signed it. It was not binding upon Shelton because never delivered by him to Samuel T. Williams or his executors. Admitting the competency of Mrs. Williams as a witness, and that her testimony established the fact that Shelton signed the note at Samuel T. Williams' residence, it was not out of his possession a moment after he signed it until he delivered it to William Williams. That he signed in the presence of Samuel T. Williams and his wife did not constitute a delivery, and delivery was essential to make it binding on Shelton. *McPherson v. Meek*, 30 Mo. 347. But there being no new consideration for the promise of Shelton, he would not have been bound if it had been delivered. His signature was obtained weeks after the note was executed and delivered by the principal maker. To procure his signature, no consideration moved from the payee, either to Shelton or William Williams. "The law applicable to a contract, such as the plaintiff seeks to enforce in this action against the defendant Joseph Shepherd, is too well settled to admit of doubt or controversy. A consideration is essential to the support of every contract; otherwise it is *nudum pactum* and void. The facts agreed in this case show that there was no consideration for the promise of the defendant Joseph Shep-

3 CONTRACT: nudum pactum: consideration: delivery.

herd.   He affixed his signature to notes which had long been made, and delivered to the payee as completed contracts, on a consideration wholly passed and executed, moving solely between the original promisor and the plaintiff." Bigelow, C. J., in *Green v. Shepherd et al.*, 5 Allen 570 ; *Pfeiffer v. Kingsland*, 25 Mo. 66.   It is unnecessary particularly to notice the instructions.   They embodied views as to the liability of Shelton different from those herein expressed, and for this and the other errors which have been noticed the judgment is reversed and the cause remanded.   All concur.

REVERSED.