Frank Ring, Executor, Respondent, *v.* Andrew J. Kelly et al., Appellants.

June 7, 1881.

An action cannot be maintained against a surety in a bond given by a builder to indemnify the owner against mechanics' liens, where the bond is executed after the building contract and without any new consideration.

Appeal from the St. Louis Circuit Court, Adams, J.
*Reversed and remanded.*
A. R. Taylor, for the appellants.
John Johnson and D. P. Dyer, for the respondent.

Thompson, J., delivered the opinion of the court.
On February 14, 1876, the defendant Kelly entered into

a written contract with the plaintiff's testator, whereby the former agreed to build the latter a house.    He entered upon the work, and on April 21st, at the request of the plaintiff's testator, he executed, with the defendant Druhe as surety, the usual bond to indemnify him against mechanics' liens.    This action is brought for a breach of this bond; judgment has been rendered against Kelly by default; and the contest is only between the plaintiff and the surety. Druhe pleaded, among other things, that the bond was given without consideration; and in the view we take, the decision of this question must decide the case.    Our statute (Rev. Stats., sect. 3725) allows specialties to be impeached for want of consideration; the defendant's answer in this respect is sufficiently formal, and the question is properly before us.

The law relating to the consideration necessary to support contracts of guaranty was very clearly stated by Chief Justice Kent in a leading case: "There are," said he, "three distinct classes of cases on this subject, which require to be discriminated: 1. Cases in which the guaranty or promise is collateral to the principal contract, but is made at the same time, and becomes an essential ground of the credit given to the principal or direct debtor.    Here, as we have already seen, is not, nor need be, any other consideration than that moving between the creditor and original debtor.    2. Cases in which the collateral undertaking is subsequent to the creation of the debt, and was not an inducement to it, though the subsisting liability is the ground of the promise without any direct and connected inducement.    Here must be some further consideration shown, having an immediate respect to such liability; for the consideration for the original debt will not attach to this subsequent promise. . 3. The third  class of cases * * * is when the promise to pay the debt of another arises out of some new and original consideration of benefit or harm moving between the newly contracting parties."

*Leonard* v. *Vredenburgh*, 8 Johns. 29, 39. The case before us falls within the second class of cases thus defined ; and it is settled law in this State, as elsewhere, that in such a case there must be a new consideration to support the new contract. This was decided upon a contract of guaranty similiar to the one before us, in *Pfeiffer* v. *Kingsland*, 25 Mo. 66. The same rule was applied to the undertaking of one who signed a note as joint maker subsequently to the date of its original execution, in *Williams* v. *Williams*, 67 Mo. 661, 666. It is not necessary that the new consideration in such a case should be something moving toward the grantor or surety; it is sufficient if it be something moving towards the principal obligor in the bond. *Robertson* v. *Findley*, 31 Mo. 384. So, here, it was not necessary, in order to make Druhe liable upon the bond, that there should have been a new consideration moving towards *him;* it would have been sufficient if there had been a new consideration moving towards Kelly. We have felt — what every fair-minded judge must feel when a party stands before him asking to be relieved from an agreement which he has deliberately entered into in writing, on the ground that there was no consideration to support it — that such a defence ought not to be allowed to prevail, if it can be avoided consistently with settled rules. Feeling thus, we have looked through this record in the hope of finding some evidence of a consideration to support this contract ; but we have been unable to find any. Nothing appears to show that Kelly was under any obligation to give this bond, two months after he and Ring had signed the building contract. It appears to have been a mere gratuity on his part, to support which no benefit flowed to him and no disadvantage to Ring. The plaintiff, who is the son of the testator Ring, indeed, testifies that at the time of executing the contract of February 14th, there was a parol agreement between his father and Kelly that the latter should give a bond ; and had there been any legal evidence from which

the jury might have inferred this fact, this antecedent parol promise to give a bond would probably have been a sufficient consideration for the subsequent giving of it. *Paul* v. *Stackhouse*, 38 Pa. St. 302 ; *Standley* v. *Miles*, 36 Miss. 434. But, on being questioned further, he admitted that he was not present when the bond was signed, and that he knew nothing about it except from hearsay. This, of course, was no evidence. Possibly it may be shown on another trial that such was the fact.

The judgment is reversed and the cause remanded. All the judges concur.