THE COUNTY OF MONTGOMERY, *Plaintiff in Error*, v. AUCHLEY *et al.*

1. **Pleading**: ACTIONS ON WRITTEN INSTRUMENTS: CONSIDERATION. Generally, in actions on simple contracts, the consideration should be expressly and formally pleaded in the petition; but the rule does not include contracts under seal, and negotiable instruments, for they import a consideration.

2. ——— : ——— : ——— : STATUTE. Nor is it necessary to so plead the consideration in cases of instruments of writing, which, by Revised Statutes, section 663, are made to import a consideration.

3. ——— : ——— : ———. Where the instrument sued on so imports a consideration, if the defendant relies on a want of consideration he should plead it.

4. **Written Instrument**: SIGNING AFTER EXECUTION AND DELIVERY: CONSIDERATION. While it is true that one who signs a written instrument after it has been executed and delivered, and after the consideration has passed between the original parties, incurs no liability thereon, in the absence of a new consideration to support such signing, yet if it was the original understanding that the additional signature should be obtained, and it was made in pursuance of the same, it relates back to the inception of the contract, and no new consideration is necessary.

*Error to Montgomery Circuit Court.* — HON. ELIJAH ROBINSON, Judge.

REVERSED.

*John M. Barker* and *W. G. Lovelace* for plaintiff in error.

(1) The trial court committed error in sustaining the general demurrer. The demurrer ought to be special unless the objection is fatal to plaintiff's case, as well as to the petition. R. S., secs. 3515, 3516; *Almett v. Leper*, 48 Mo. 319; *McClurg v. Phillips*, 49 Mo. 315; *Morgan v. Bouse*, 53 Mo. 219. (2) Auchley was liable

on the bond, as it was agreed at the time of making the contract that Auchley was to be obtained as additional security. The statutes in force were a part of the contract. (3) Bachman was not released because he consented for the additional security to be taken. 2 Daniel on Neg. Notes, sec. 1321. (4) The instrument sued on was a sealed one, and it imported a consideration. 1 Daniel on Neg. Inst., sec. 160.

*Emil Rosenberger* for defendants in error.

(1) The trial court committed no error in sustaining the general demurrer. A general demurrer is admissible when the petition fails to state a cause of action. *Morgan v. Bouse*, 53 Mo. 219; *Bank of Mo. v. Haden*, 35 Mo. 359; *Jordan v. Railroad*, 61 Mo. 52. It is too late to raise the question in this court, that the demurrer was not specific. Plaintiff should have called the lower court's attention to this in his motion for a new trial. (2) The petition states no cause of action against Auchley. The petition shows that Auchley signed the bond or note sued on more than eight years after the note was executed and delivered, and the consideration passed between the payee and the original makers. One who becomes a party to a note after it has once been delivered, and the consideration had passed between the original parties, incurs no liability, unless there is some new consideration and a re-delivery of the note. *McMahon v. Geiger*, 73 Mo. 145; *Williams v. Williams*, 67 Mo. 662. And the fact that he signs in the presence of the holder does not amount to a re-delivery. *Ibid.* Admitting that it was in the bargain, when Hildebrandt borrowed the money, that he should give additional security when required by the county court, this does not show that there was a consideration for the promise of Auchley. He affixed his name to the note more than eight years after it was made and delivered, and the consideration passed be-

tween the original promisors and the plaintiff as a complete contract. *Pfeiffer v. Kingsland*, 25 Mo. 66; *McPherson v. Meek*, 30 Mo. 345; *Green v. Sheperd*, 5 Allen, 570.

BLACK, J.—This suit is based upon a bond executed by Hildebrandt, Bachman, and Gliser, dated November 25, 1868, by which the obligors promised to pay to the county for the use of the school fund of a designated school township, three hundred and thirty dollars, on or before the first of January then next ensuing, with ten per cent. interest. The bond contains the following additional stipulations: "And in case of default in the payment of the interest, or failure in the principal in this bond to give additional security, when thereto lawfully required, then the principal and interest shall become due and payable forthwith, and all interest not punctually paid shall bear interest at the same rate as the principal." The petition sets out the bond both according to its tenor and legal effect. It is also alleged, among other things, that in 1877 the obligors were in default, and that they were lawfully required to give additional security; that, in pursuance of the order, and for "other and divers good and valid considerations," the defendant, Auchley, at the request of the said obligors, and on the twenty-eighth of February, 1877, executed the bond to the plaintiff "by then signing the same under his hand and seal." It is also alleged that defendants paid the interest up to January 1, 1883, and that the bond is entitled to a credit of thirty dollars for proceeds of sale of mortgaged real estate.

The defendants, Auchley and Bachman, demurred to the petition on the ground that it did not state facts sufficient to constitute a cause of action. From a judgment sustaining the demurrer the plaintiff sued out this writ of error. That the demurrer was improperly sustained as to the defendant Bachman is not controverted;

but it is contended that it was properly sustained as to Auchley, because it appears from the petition that he signed the bond some eight years after it was first executed and delivered; that when he signed the bond the consideration had passed between the original parties, and that his contract arising from signing and sealing it was without consideration, and of no validity.

1.   Generally, in cases of simple contracts, the consideration should be formally and expressly pleaded. But this rule has no application to contracts under seal and negotiable instruments, for they import a consideration.   1 Chitty's Plead. 262 ; Bliss on Code Plead., sec. 268.   By force of our statute ( R. S., sec. 663 ) non-negotiable instruments also import a consideration.   *Taylor v. Newman*, 77 Mo. 257.   This statute also applies to a large class of contracts in writing which do not come under the designation of negotiable or non-negotiable notes or bills, and in all cases to which the statute applies it is not necessary to plead the consideration. *Caples v. Branham*, 20 Mo. 244.   The defendants' undertaking is alleged to be under seal.   If not sealed, the contract is one within the statute, and it was not necessary to set out the consideration in the petition, or that plaintiff should make proof of it in the first instance. If the defendant relies upon a want of consideration he should plead it.

2.   But, aside from the mere question of pleading, the demurrer was improperly sustained.   The defendant, Auchley, by signing and sealing the bond, meant something.   It was as much as if he had prepared an independent instrument, reciting the former bond and the stipulation therein to give further surety and the order of the court, and in consideration of all that obligated himself to stand bound for the payment of the debt.   No doubt but that it is the well-settled rule of law that one who signs a note after it has been executed and delivered, and after the consideration has passed

between the original parties thereto, incurs no liability by reason of signing the same, unless there be independent proof of a new consideration. *Pfeiffer v. Kingsland*, 25 Mo. 66; *Williams v. Williams*, 67 Mo. 661; *McMahon v. Geiger*, 73 Mo. 145. But the circumstances will often show that, although the note or other contract was signed after the delivery of the instrument, it was the original understanding that the further security would be given, and if such additional security is given, pursuant to the original agreement, then it relates back to the inception of the first contract; and in such cases no new consideration is required. *Morris v. Bird*, 11 Mass. 436; *Hawkes v. Phillips*, 7 Gray, 284.

The law gives to the county courts the care and management of these school funds. They are required to loan the same and take security, both real and personal. The bond must contain an agreement for additional security, as is stipulated in the present one, and the courts are authorized from time to time to require such additional security. G. S. 1865, chap. 46, secs. 65 to 71. It is, therefore, clear that the agreement in this bond between the original parties for additional security, when demanded, was a part of the consideration for the loan of the money. When Auchley signed the bond to comply with the order of the court, he simply did that which the obligors had engaged to do at the outset. We do not think it material that he made no promises when the bond was first executed and delivered, for he must have known that he was but carrying out the original agreement, when he did sign it. His undertaking stands not upon any new consideration, but it is to be deemed a part of the original contract, and he must stand bound as if he had signed the bond before its delivery. Any other conclusion would nullify the statute, for the law contemplates additional personal, as well as real, security.

The judgment is reversed and the cause remanded. All concur.