SAMUEL C. PECK, Respondent, v. M. J. HARRIS *et al.*, Appellants.

Kansas City Court of Appeals, April 9, 1894.

1. **Consideration**: SUBSEQUENT COLLATERAL UNDERTAKING. Where the collateral undertaking is subsequent, as in this case, to the original undertaking and was not an inducement to it, though the subsisting liability is the ground of the promise without any direct and connected inducement, there must be some further consideration.

Peck v. Harris.

2. ———: ———: NOT TO SURETY. If the new consideration for the subsequent collateral undertaking move to the principal therein it is sufficient, it does not have to move to the surety.

3. ———: ———: CASE ADJUDGED. P. conveyed to F. certain premises. Afterward it was discovered that there was an incumbrance thereon. F. demanded and P. gave the indemnity bond in suit, but without any new consideration moving to him. *Held,* it was mere gratuity.

*Appeal from the Dade Circuit Court.*—HON. D. P. STRATTON, Judge.

REVERSED.

*McClure & Bowling* for appellants.

(1) There was no consideration for the bond in suit. The pretended consideration was entirely a thing of the past. This was a collateral undertaking, subsequent to the creation of the liability, and can not be upheld, there having been no further consideration shown. *Ring v. Kelly et al.*, 10 Mo. App. 411; *Pfeiffer v. Kingsland*, 25 Mo. 66; *Leonard v. Vredenburgh*, 8 Johns. 29, 39; *Howard v. Jones*, 10 Mo. App. 81; *Glenn v. Lehnen*, 54 Mo. 53; *Messenger v. Vaughan*, 45 Mo. App. 15; *Williams v. Williams*, 67 Mo. 665; *Hartman v. Redman*, 21 Mo. App. 126; *McMahan v. Geiger*, 73 Mo. 145. (2) It will not do to say that this contract being under seal imported a consideration and is thus good, for although a seal imports a consideration, no presumption arises of a consideration different from that which is ascertained by the instrument itself; and if the declared consideration be worthless, while in some cases another may be proved, yet there is no legal presumption of the existence of such other consideration. *State ex rel. v. Miller*, 1 Mo. App. 48-63; *Bender v. Been*, 43 N. W. Rep. 216; 78 Iowa, 283. Besides the testimony of H. Merrill, plaintiff's own witness showed there was no good consideration.

*Mann & Talbutt* for respondent.

Appellant has not filed a clear and concise state-ment of the case as provided in Revised Statutes, 2301. Her statement of the case on page 23 of her brief filed herein is not such a statement as is required by rule 15. The statement should take the place of the record and should enable the court by reference to it alone to determine whether the record does or does not support the ruling of the court below. If the court has to abandon the statement and search through the record proper, or the bill of exceptions, for the facts relied upon for reversal, the statement is defective, not in compliance with the statute or rule 15, and the appeal should be dismissed. *Snyder v. Free*, 102 Mo. 325; *Brown v. Murray*, 53 Mo. App. 185; *Craig v. Scudder*, 98 Mo. 664; *Goodson v. Railroad*, 23 Mo. App. 76-82; *In re Redding Bros.*, 31 Mo. App. 425; *Coy v. Robinson*, 20 Mo. App. 462; *Jayne v. Wine*, 98 Mo. 404.

SMITH, P. J.—The facts of this case may be stated shortly in this wise: One Pyle conveyed to Ferrill by warrantee deed a tract of land, upon which there was then an incumbrance unknown to the latter. Some eight months after this conveyance was made, Ferrill discovering for the first time the existence of the incumbrance on the land, asked Pyle to give him a bond with sureties thereon in double the amount which he had paid as a consideration for the land, conditioned for the release of the incumbrance and the payment of all damages he might suffer by reason thereof. The plaintiff, who holds the bond under an assignment, brought suit thereon for a breach of the conditions thereof. The defense pleaded in the answer was want of consideration. There was a trial and judgment for plaintiff, and defendants appealed.

There are a great number of errors assigned, but we shall notice but one of them, that of want of consideration, since the ruling we shall make in respect to it will be decisive of the whole case.

The law relating to the consideration necessary to support contracts of guaranty was very clearly stated by Chief Justice KENT in *Leonard v. Vredenburgh*, 8 Johnson, 29. "There are," said he, "three distinct classes of cases on this subject which require to be discriminated: *First*. Cases in which the guaranty or promise is collateral to the principal contract, but is made at the same time and becomes an essential ground of credit given to the principal or direct debtor. Here, as we have already seen, is not, nor need not be, any other consideration than that moving between the creditor and original debtor. *Second*. Cases in which the collateral undertaking is subsequent to the creation of the debt and was not an inducement to it, though the subsisting liability is the ground of the promise without any direct and connected inducement. Here there must be some further consideration shown, having an immediate respect to such liability; for the consideration for the original debt will not attach to this subsequent promise. *Third*. The third class of cases * * * is where the promise to pay the debt of another arises out of some new and original consideration of benefit or harm moving between the newly contracting parties." These rules as stated have been adopted and followed in this state. *Pfeiffer v. Kingsland*, 25 Mo. 66; *Glenn v. Lehnen*, 54 Mo. 45; *Williams v. Williams*, 67 Mo. 661; *Ring v. Kelley*, 10 Mo. App. 411. The case in hand falls within the second class of cases thus defined.

This judgment is against the security alone, the principal was not brought before the court by process. It was not necessary that the new consideration should

be something moving towards the surety, it is sufficient if it be something moving towards the principal obligor in the bond. *Robertson v. Findley*, 31 Mo. 384. It was not necessary therefore to make defendant, the surety, liable that there should have been some new consideration moving towards him-; it would have been sufficient if there had been a new consideration moving towards his principal.

Nothing appears to show that Pyle was under any obligations to give the bond sued on eight months after the deed was executed and delivered by him to Ferrill. It appears to have been no more than a mere gratuity on his part, to support which no advantage flowed to him and no disadvantage to Ferrill. The evidence is wholly barren of any thing which tends in the least to show a sufficient consideration of any kind for the subsequent giving of the bond.

It results that the judgment must be reversed. All concur.