FULLERTON LUMBER COMPANY, Appellant, v. D. D. CALHOUN et al., Respondents.

Kansas City Court of Appeals, May 6, 1901.

1. **Trial and Appellate Practice:** ADMISSIONS IN PLEADINGS: INSTRUCTIONS: CHANGE OF THEORY. Plaintiffs by their pleadings and instructions treated a bond as read in evidence and before the court, and on appeal will not be permitted to retry their case upon a different theory.

2. **Mechanics' Lien:** CONTRACT: BOND: CONSIDERATION. A contractor to erect a building agreed at the time of the contract to furnish a bond for the faithful discharge of his duties under the contract and for indemnity against liens, etc.; some days after the contract he delivered the bond with plaintiff as his surety. *Held* the bond was a part of the contract, and the contract was sufficient consideration for the bond, and this, whether the bond was given before or after the commencement of the work.

Vol 89 app—14

Fullerton Lumber Co. v. Calhoun.

Appeal from Buchanan Circuit Court.—*Hon. W. K. James,* Judge.

AFFIRMED.

*Crow, Eastin & Eastin* for appellant.

(1) The bond was not a part of the record and was not admitted in evidence. Barker v. Patchin, 56 Mo. 241; Wisdom v. Shanklin, 74 Mo. App. 428; Hickory Co. v. Fugate, 143 Mo. 71; Rothschild v. Lynch, 76 Mo. App. 339; Pharis v. Surrett, 54 Mo. App. 9; Vaughan v. Daniels, 98 Mo. 230; McHoney v. Ins. Co., 37 Mo. App. 218; Emmert v. Meyer, 65 Mo. App. 609; Pomeroy v. Fullerton, 113 Mo. 440; State ex rel. v. Eldridge, 65 Mo. 584; Merrill v. Trust Co., 46 Mo. App. 237; Tenwick v. Bowling, 50 Mo. App. 517; Gay v. Murphy, 134 Mo. 98; Estes v. Shoe Co., 155 Mo. 583. (2) The bond is dated July 5, 1899. The contract admitted in evidence is dated June 28, 1899. The bond expressly states that it is given to insure the performance of a contract entered into "on the day of the date of these presents." (3) "The bond speaks for itself and the law is that it shall so speak and the liability of the sureties is limited to the exact letter of the bond. There is no construction, no equity, against sureties." Bauer v. Cabanne, 105 Mo. 110, cases cited; Cochrane v. Stewart, 63 Mo. 424; Titman v. Green, 108 Mo. 22; Schuster v. Weiss, 114 Mo. 158; Anselm v. Groby, 62 Mo. App. 421; Nofsinger v. Hartnett, 84 Mo. 549; Erath v. Allen, 55 Mo. App. 107; Bricker v. Stone, 47 Mo. App. 530; Mfg. Co. v. Hibbs, 21 Mo. App. 574; Tobin v. French, 80 Ill. App. 47; May v. Alabama M. B., 111 Ala. 510; 20 So. 459; Bank v. Goodman, 55 Neb. 409, 418; Huffman v. People Sterling, 78 Ill. App. 345; Hopewell v. McGraw, 50 Neb.

789; Sterling v. Wolf, 163 Ill. 467. (4) There is no evidence that the contract introduced in evidence by plaintiff is the contract referred to in the bond, or that the contract was attached to the bond. Oberbeck v. Mayer, 59 Mo. App. 289; B. & L. Ass'n v. Paulus, 80 Mo. App. 36. (5) It is not enough for the principal to agree to give a bond in the future, to bind the sureties, but the sureties must be parties to, or have knowledge of, such agreement and the parties to be affected must act upon the faith thereof. The exception to the above rule is, where there is an independent consideration, the sureties are bound; the only testimony on this point is that the entering into the contract was the consideration. MacFarland v. Heim, 127 Mo. 332; Williams v. Williams, 67 Mo. 661; McMahan v. Geiger, 73 Mo. 145; Howard v. Jones, 10 Mo. App. 81; Messenger v. Vaughn, 45 Mo. App. 15; Oberbeck v. Mayer, 59 Mo. App. 289; Robertson v. Findley, 31 Mo. 384; Pfeiffer v. Kingsland, 25 Mo. 66; Hartman v. Redman, 21 Mo. App. 124; Lowenstein v. Sorge, 75 Mo. App. 281; B. & L. Ass'n v. Kleinhoffer, 40 Mo. App. 396; Peck v. Harris, 57 Mo. App. 467; Glenn v. Lehnen, 54 Mo. 52; 14 Am. and Eng. Ency. of Law, p. 1132, et seq.

*Thos. F. Ryan* for respondents.

(1) Plaintiffs in their reply, having admitted the execution of the bond, it was not necessary to introduce it as evidence. (2) Appellants say that as the contract was dated on the twenty-eighth day of June, and the bond on July 5, and the bond referred to the same as of even date, there being no evidence to identify the contract and the bond, that therefore the sureties are released. We, in reply, would say, first, that there was no such issue raised by them in their reply, nor at the trial, and therefore can not be raised in this court; sec-

ond, that appellant's reply identifies the contract referred to in defendant's answer as the one for which the bond was given to secure.    (3)    Appellants say that they are released as sureties on the bond by reason of the fact that Epstein had paid three thousand dollars and sixty-eight cents and as the same was in excess of the amount, which the contract authorized him to pay, therefore, their third instruction should have been given.    The plaintiffs made no such defense in their reply, and, therefore, it is not an issue in this case.    What Epstein paid was in conformity with the contract.    Plaintiffs, therefore, can not now make any such defense.    Oberbeck v. Mayer, 59 Mo. App. 291, 292; Leavel v. Porter, 52 Mo. App. 632, 639; Krey v. Hussmann, 21 Mo. App. 343; Casey v. Gunn, 29 Mo. App. 14, 24.    (4)    But if we should concede that work was commenced before the bond was executed, yet under Calhoun's admission, that the consideration for the entering into the contract was the execution of the bond, and the bond was executed in pursuance of the said agreement, this was a sufficient consideration to support the bond.    No consideration need pass directly from the obligee to the surety.    Robertson v. Findley, 31 Mo. 384; Peck v. Harris, 57 Mo. App. 467; Ring v. Kelley, 10 Mo. App. 413; Paul v. Stackhouse, 38 Pa. St. 302; Stanley v. Miles, 36 Miss. 434.

BROADDUS, J.—This is a suit by the plaintiffs, composing the Fullerton Lumber Company, to enforce a mechanic's lien for material furnished to the contractor, defendant Calhoun, for the construction of certain buildings for the defendant Epstein in the city of St. Joseph, Missouri.    The defendant Epstein and defendant Gernandt, who claimed some interest in the property, answered at length and substantially as follows:    They admit that the defendant on the twenty-eighth day of June, 1899, contracted with defendant

Calhoun for the erection of the building and improvements in question for the sum of $3,150, which the said Calhoun was to receive as full compensation for the buildings and improvements, said Calhoun to furnish the materials. Defendant Epstein further answering alleges, that his co-defendant Calhoun "is principal of the plaintiffs acting in the name of Fullerton Lumber Company under which name they were then and now doing business, and as sureties entered into a bond on the fifth day of July, 1899, which said bond was executed and entered into before any work was performed or any labor done upon said residence or barn and was agreed to be entered into at the time said contract was entered into, and was agreed to be and was a part of said contract, which bond is attached to said contract and is a part thereof * * *, by the terms of which bond the said Calhoun and these plaintiffs have bound themselves to the defendant in the sum of $2,500, for the payment of which," etc. The conditions of the bond are substantially: For a faithful performance on the part of Calhoun of the contract for the building and improvements in question and to indemnify defendant Epstein against all claims, demands, judgments, liens, and mechanics' liens, and all costs incurred by him in suits in reference to the buildings. In fact, it amounts to a complete indemnity to Epstein for any damages he may sustain for non-performance of the contract for the buildings. It is further averred that the plaintiffs and defendant Calhoun, by reason of the execution of said bond, waived all claim and right to have a lien enforced against defendant's property.

There were two additional defenses set up in the answer, but as they were not sustained by evidence they are omitted.

The plaintiffs introduced their lien and other evidence to support their cause. The defendants introduced no evidence upon the issue now before this court, and it, therefore, follows that the bond set out in the defendants' answer was not read

to the jury.  It is proper, however, to state that upon cross-examination of plaintiffs' witnesses, the defendant elicited evidence tending to show the state of the accounts between contractor Calhoun and Epstein, the owner of the building.  It is sufficient to say that the trial court, in the instructions given to the jury, limited plaintiffs' right of recovery as a lien against the lots to the amount found due by Epstein to Calhoun, the contractor, which action of the court raises the only material question in the case which involves not only the legal effect of the bond set out in defendant's answer, but also the propriety of the action of the court in considering the effect of said bond, it not having been introduced as evidence.

The plaintiffs' reply admits the execution of the bond, but states that there was no consideration for the same, as it was not executed at the time the contract in question was entered into and attached as a part thereof, and that plaintiffs had no knowledge of the contract for building at the time it signed the same as security.  The defendant Epstein in his answer alleges that the contract for building was entered into on the twenty-eighth day of June, 1899, and the bond was executed on the fifth day of July, 1899, before any work was done on the building, and that it was attached to and became a part of the contract.  The verdict of the jury was for the plaintiffs against Calhoun for $815.33, and for plaintiffs against premises for the sum of $138.52 as a lien.

The plaintiffs contend that the court was not authorized to predicate its instruction to the jury on behalf of the defendant and refuse instruction offered on behalf of the plaintiffs, for reasons based upon said bond, as the same had not been read as evidence and was not shown to have been attached and made a part of the contract of the builder Calhoun with said Epstein.  It is true, the plaintiffs admit the execution of the bond as sureties of Calhoun, but they say that there was

no consideration for the same, as the contract was dated the twenty-eighth of June, 1899, and the bond was not executed until July 5, 1899, and that it was not attached to or made a part of the contract. If this be an admission that the bond was a part of the contract, then the action of the court was not error. There was no dispute at any time that plaintiffs had executed the bond as sureties. The bond does not describe the contract in suit, but only refers to it as "a certain contract for the erection of certain buildings in said contract described, which contract is hereto annexed." As the plaintiffs admitted by their reply the execution of the bond, but denied their liability because it was not attached to and made a part of the original contract, and because the bond was dated several days after the contract, could make no difference as the plaintiffs, as securities, admitted in said bond that their undertaking was attached to the contract.

The terms of the contract and bond were set out in defendants' answer. The plaintiff read the contract to the jury. The bond was not read as evidence, as before stated. The plaintiffs by their reply not only admitted the bond, but its terms as set out by defendants' answer, and only denied its force and effect. And besides, the plaintiffs waived the formal introduction of the bond and treated the same as in evidence by their instruction number two, which they asked the court to give and which instruction is as follows:

"The court instructs that, under the law, pleadings and evidence in the case, you will find that the plaintiffs are not liable as sureties on the bond set forth in defendants' answer." And again in their instruction number four they ask the court to say to the jury that, "if they believe from the evidence that the bond set forth in defendants' answer was executed after Calhoun and Epstein made their contract, and after Calhoun had entered upon the performance of said contract, then there

was no consideration for said bond and plaintiffs are not liable as sureties thereon." The plaintiffs tried their case upon the theory that the bond in question was in evidence and before the court, and they will not be permitted to have their case retried here upon a different theory. Hackett v. Phil. Underwriter, 79 Mo. App. 16; Hilz v. Railway, 101 Mo. 36; Hill v. Drug Co., 140 Mo. 433; Pope v. Ramsey, 78 Mo. App. 157.

The undisputed evidence in the case was, that it was the understanding at the time the contract was entered into that the bond was to be given; and there was no evidence that the work had been commenced on the building before the bond was made. It would, under these circumstances, be immaterial whether the bond was attached to the contract or not. The facts showed a sufficient consideration to bind the plaintiffs as sureties on the bond. Overbeck v. Mayer, 59 Mo. App. 290; Sevell v. Porter, 52 Mo. App. 632. And whether work upon the buildings had commenced before the execution of the bond or not was immaterial, for the reason that the agreement of Calhoun, the contractor, at the time the contract was entered into, to give the bond, was a sufficient consideration for the execution thereof by the plaintiffs as sureties. Robertson v. Finley, 31 Mo. 384; Peck v. Harris, 57 Mo. App. 467; Ring v. Kelly, 10 Mo. App. 413.

We find no error on the trial of the cause. Affirmed. All concur.