ZERR, Appellant, v. KLUG, Respondent.

**St. Louis Court of Appeals, December 11, 1906.**

1. **PRACTICE: Self-Invited Error: Construction of Contract.** Although a written instrument introduced in evidence was so ambiguous that explanatory testimony was admissible, nevertheless where one party claimed that it was not ambiguous and that its interpretation was for the court, he could not on appeal be heard to complain that an issue of fact arising upon it was not submitted to the jury, since the document was susceptible of the interpretation given it by the court.

2. **CONTRACTS: Modification of Contract: Consideration.** Where one party sold another certain personal property to be paid for in cash upon delivery and delivered the property to the purchaser, a subsequent agreement between the parties that payment was to be made by a note after a lapse of time, unsupported by a new consideration was void.

Appeal from St. Louis City Circuit Court.—*Hon. Walter B. Douglas,* Judge.

REVERSED AND REMANDED (*with directions*).

*Frederick A. Wind* and *Henry E. Haus* for appellant.

(1) As defendant contended that the receipt and agreement of April 12, 1904, must be construed by the court and not by the jury, he cannot, after the court sustained his view and excluded evidence offered by plain-

tiff, contend that a question of fact arose which should have been submitted to the jury. Lee v. Hassett, 39 Mo. App. 67; Bielman v. Railroad, 50 Mo. App. 151; White v. Nelson Mfg. Co., 53 Mo. App. 341; Hayes v. Burch, 91 Mo. App. 467; Bank v. Armstrong, 62 Mo. 65; Elliott on Appellate Practice, sec. 630. (2) The agreement of April 12, 1904, was without consideration and void. Nichols v. Douglass, 8 Mo. 49; Stillwell v. Aaron, 69 Mo. 539; Petty v. Douglass, 76 Mo. 70; Walz v. Parker, 134 Mo. 458.

*Kortjohn & Kortjohn* for respondent.

Instruction numbered five was erroneous in this, that under it the jury was authorized to find for plaintiff, even if they believed from the evidence that plaintiff had on April 12, 1904, agreed to take a note on October 1, 1904. The action of the circuit court in granting a new trial must be sustained if any error appears on the record for which the court should have granted a new trial. Emmons v. Quade, 176 Mo. 22; Saxton v. Railroad, 98 Mo. App. 494.

STATEMENT.—Appellant instituted an attachment against respondent to recover a balance of nine hundred dollars alleged to be due on the purchase price of the good will of a hotel and restaurant and of a stock of groceries, liquors, bed and table linen, glassware and other utensils. On March 7, 1904, respondent sold the good will of the hotel and restaurant for two thousand dollars and the other property described at prices which, when an inventory was taken, amounted to seventeen hundred and ninety-two dollars. The good will was paid for in full and all but nine hundred dollars was paid at different times on the price of the property. These payments ranged from March 4, 1904, to April 12th, when the last one was made. It is not denied the balance claimed was owing, the dispute between the par-

ties being as to when it was to be paid. Appellant contends the whole purchase price was to be paid on delivery of the property; whereas respondent says only one thousand dollars was to be paid down and the balance at the close of the Louisiana Purchase Exposition, or World's Fair, December 1, 1904. The ground of attachment was failure to pay, as agreed, the price of the goods on delivery. A plea in abatement was filed and the issue tried; the trial resulting in a verdict for appellant, sustaining the attachment. Subsequently a new trial was granted on motion of respondent, for supposed error in one of the instructions given by the court on its own motion. This appeal was prosecuted from the order granting the new trial on the plea in abatement. Both the parties are Germans and not able to express themselves with precision in our language. Klug did not speak English. There is no material discrepancy in the testimony regarding the transaction in controversy, except as to the time of payment. Appellant gave testimony going to show the entire price was to be paid on delivery of the property, and respondent testified appellant was to wait until the close of the World's Fair for payment. Some confusion was introduced into the case by the following receipt taken on April 12th, when the last payment was made:

"Received of Adolph Klug $500 five hundred 00-100 dollars. At the same time I agree to wait for the entire settlement till October 1, 1904, by note.

"St. Louis, April 12, 1904.     JOHN ZERR."

Respondent testified that though he had paid all he was to until the close of the World's Fair, appellant pestered him for money and finally respondent agreed, on April 12th, to make a further payment of five hundred dollars if appellant would agree to make no more demands until October 1st, when another payment of five hundred dollars would be made. In this conversation respondent said he did not know whether he would be

able to pay cash on October 1st; as the World's Fair would not close until December 1st; but appellant said if respondent would give a note on October 1st, it would do; and on this understanding respondent wrote in the receipt the words "by note," and appellant signed the receipt. Portions of the testimony of appellant show his understanding of the arrangement of April 12th, or at least the version of it he would have given if permitted to testify in full, was that he was demanding the entire amount due on the purchase price on said date and respondent claimed to be unable to raise it; that appellant could negotiate respondent's note to the Anheuser-Busch Brewing Association and thereby get cash to go into business, as he desired to do; that in view of these facts he (Klug) agreed to execute his note for the balance, said note to fall due October 1st, and appellant would take it and negotiate it for cash. Klug gave his version of the arrangement of April 12th without objection from appellant's counsel; but when Zerr was asked to make a statement regarding it, Klug's counsel objected on the ground the receipt spoke for itself, must be interpreted by the court and interpreted to mean the note was to be given on October 1st. This objection was sustained and Zerr not permitted to make a full explanation; though, as stated, the evidence indicates plainly enough what his testimony would have been.

But one instruction was given for appellant, which was if the jury found from the evidence the original contract of sale was that Klug was to pay the purchase price of the property on delivery, the verdict should be for appellant. For respondent the court instructed if the jury believed appellant put respondent in possession of the property on March 7, 1904, and agreed the unpaid portion of the purchase price of the stock should be paid after the inventory had been taken and the value ascertained, their verdict must be for respondent. Also, if the jury believed from the evidence appellant sold the

property, agreeing respondent should pay one thousand dollars in cash and the balance at the close of the World's Fair, they must find for respondent, even though they believed he still owed a balance. On its own motion the court told the jury they could not find the issue on the plea in abatement for appellant on the mere fact that respondent owed him, or unless they found by the terms of the original agreement Klug was to pay for the property on delivery. The following instruction was the one on which the lower court granted the new trial, believing it erroneously withdrew from the jury the decision of when Klug was to give his note:

"If the jury find and believe from the evidence that Klug was bound by the contract between himself and Zerr to pay the purchase price upon delivery, and that after the property was delivered to Klug, Zerr agreed with Klug to accept Klug's note, payable at a future day, the jury will return a verdict for the plaintiff if they further find that Klug failed and refused on demand to execute and deliver such note."

Respondent asked several instructions which the court refused.

GOODE, J. (after stating the facts).—A more ambiguous writing than the document called a receipt, but which is an agreement too, hardly could be found. The length of time the note was to run, the interest it should bear and other matters, are not stated. The memorandum reveals on its face some outside arrangement to which it refers and, to be understood correctly, needed the help of extrinsic testimony. As this testimony was contradictory, an issue naturally arose for the jury's determination. But respondent took the position in objecting to appellant's testimony regarding the note, that the matter was for the court. In accordance with this contention the court, in the fifth instruction above quoted, appears to have taken the receipt to mean the note was

to be executed and delivered by Klug on demand instead of on October 1st, as respondent agreed. The document does not so clearly declare when the note should be given as to shut out explanatory testimony. But as respondent insisted to the contrary and induced the court to accept that view, he must abide the result, as the receipt will bear the meaning the court gave it as well as the one for which respondent contended. [Lee v. Hassett, 39 Mo. App. 67.] The one issue in the case for the jury to decide, in order to determine the plea in abatement, was whether or not the property was to be paid for on delivery. This issue was submitted in an instruction given for appellant and two instructions given for respondent; one propounding the theory that if part of the purchase money was not to be paid until the stock of goods was inventoried and its value ascertained, the verdict must be for respondent; the other the theory that if part of the price was to be paid at the close of the World's Fair, the verdict should be for respondent. The same issue of whether the property was to be paid for on delivery was submitted in two instructions given by the court on its own motion, namely; the fourth and fifth. In the fourth instruction the jury were expressly told the verdict could not be for appellant unless it was found from the evidence Klug was to pay on delivery of the property by the terms of the original agreement. As the jury found the issue for appellant under those instructions, they must have found the contract of sale provided for payment by Klug when he received the property. This was the vital question and respondent had instructions submitting it in the two aspects he asked to be presented.

One of defendant's contentions is that even if the contract of sale provided for a cash payment on delivery of the property, this term was changed on April 12th, and the matter thereafter stood on an agreement by Zerr to wait until October 1st and then accept Klug's

note for the balance. Such an arrangement, if made, was unsupported by any consideration, there being no dispute between the parties about the indebtedness. [Garnier v. Papin, 30 Mo. 243; Wilson v. Russler, 91 Mo. App. 275; Montgomery Co. v. Auchley, 92 Mo. 126, 4 S. W. 410.] Klug parted with nothing and appellant received nothing as an inducement to substitute for the original agreement, a new one postponing the maturity of the debt to a certain time and then take a note for it. Though Zerr agreed to wait for such a note, the memorandum does not show Klug bound himself to give one; though, no doubt, Zerr's agreement to wait longer for his money would have been enough to support the substituted agreement as against Klug. But what was there to uphold it against Zerr? What did he get or Klug lose? The case of Wimp v. Early, 104 Mo. App. 85, 78 S. W. 343, is not authority for the proposition that the first agreement could be set aside without a consideration. That case presented the question of the waiver of a landlord's lien which, it was decided, certain precedents allowed to be done without a consideration; just as a party may waive other statutory rights; such as a defense based on the statutes of frauds or limitations. As to the non-necessity of a consideration to support a waiver, see Schmidt v. Ins. Co., 2 Mo. App. 339. If the contract of April 12th, made after the first one had been executed fully by appellant, was intended to supplant the first one in respect of his right to cash payment, a consideration was essential to its validity. The contents of the receipt were relevant, not to supersede the original agreement, but as a bit of evidence tending, in some degree, to show what payment was stipulated in the original agreement. As evidence on this point it was for the jury to weigh and we think respondent led the court into error in interpreting its legal effect to be that Klug was to give a note on demand. That treatment of the receipt by the court tended to influ-

ence the jury to find the sale was for cash.   However, as said above, respondent cannot take advantage of this error which he induced.

In so far as the refused instructions were correct, they were covered by those given.

The judgment is reversed and the cause remanded with directions to the court to set aside the order granting a new trial and enter judgment on the verdict of the jury.   All concur.