SAMUEL H. SAWYER *vs.* ANN H. FERNALD and trustee.

*Promissory note.*

The defendant's husband borrowed fourteen hundred dollars of the plaintiff, for which he then gave his promissory note, and, at the same time agreed, to procure a good additional signer the next day. Eighteen months afterwards, in the sick-room of the husband where he was confined to his bed in his last sickness, and four days prior to his death, the defendant, without receiving any consideration therefor, in the absence of the plaintiff, in ignorance of her husband's agreement, but at his request, placed her name upon the back of the note. In an action on the note against her, *Held*, That she was not liable.

ON EXCEPTIONS to the rulings of *Goddard*, J., of the superior court for this county.

The case was reported by Justice Goddard as follows :

"ASSUMPSIT, commenced June 26, 1869, entered at the September term, and tried by the justice, without the intervention of a jury, at the November term, subject to exceptions in matters of law. *Ad damnum* $3,000. Plea, the general issue.

"Suit on a note for $1,400, dated September 3, 1867, signed by defendant's husband on that day, with defendant's name written on the back, March 23, 1869, four days before the death of defendant's husband.

"I find, as matter of fact, that defendant so wrote her name in plaintiff's absence, at her husband's request, in his sick-room, where he was confined to his bed in his last sickness; that she received no consideration from plaintiff or her husband, or other person, then, or at any time; that she had no knowledge of any consideration received by her husband, at that time or at any time, for her signature, or of any agreement or understanding between her husband and plaintiff, at the time the note was made, that her name or any name was to be furnished plaintiff on said note. I also find as fact that the note was delivered by defendant's husband to plaintiff on the day of its date, and that the $1,400 was then delivered by plaintiff to defendant's husband, and that plaintiff and

Sawyer *v.* Fernald.

defendant's husband continued to live in Portland until the death of the latter.

" In addition to the foregoing findings of fact, plaintiff's attorney contended that the evidence of plaintiff showed, that at the time defendant's husband applied for the money and afterwards when the note was made, and the money delivered to him, he agreed and promised to obtain some good name in addition to his own, that the note being made late at night, he then agreed to procure the name the next day ; that plaintiff did not accept the note as complete without such additional name, and never so received it or waived his claim, but applied repeatedly during the ensuing eighteen months, to defendant's husband for such name, and that defendant's name was finally obtained by her husband in fulfillment of said original agreement between her husband and plaintiff, and by plaintiff accepted as such.

" Without, at this time, determining this last question of fact contended for by plaintiff, I rule, as matter of law, that it is immaterial, because

" I. That a person other than a payee, writing her name on the back of a note eighteen months after the time of the, making and delivery thereof, is not liable to pay it, in the absence of proof of any consideration moving between the parties within the knowledge of such person so writing her name.

" II. That even if there had been an agreement between the maker and the payee before and at the time of the making and dedelivery of the note to the payee, and the receipt of its amount in money by the maker, that a name should be by the maker obtained the next day, and although the payee might aver that he did not accept the note as complete without such name, but insisted thereon for eighteen months, and at the end thereof the maker obtained a name in fulfillment of his original promise (so far as it could be fulfilled after that lapse of time), and the payee accepted the name in fulfillment thereof, yet, if all these facts were unknown to the person so writing her name, at the end of the eighteen months, without consideration, she is not liable to pay said note.

"III. In other words, the ground on which I hold that defendant is in no event liable is, that at the time she wrote her name on the back of the note, there was no consideration, either of benefit to her or to her husband, or of injury to plaintiff, the full consideration for which the note was given having been fully executed by the delivery of the money by the plaintiff to her husband eighteen months previous."

The justice found the defendant did not promise; and the plaintiff alleged exceptions.

*A. J. Swasey & Son*, for the plaintiff.

*McCobb & Kingsbury*, for the defendant.

APPLETON, C. J. On the 3d September, 1867, the husband of the defendant borrowed of the plaintiff fourteen hundred dollars, for which he then gave his promissory note. The note and the money were delivered on that day. The maker of the note at the same time agreed to procure an additional signer the next day.

On 23d March, 1869, four days prior to the death of her husband, the defendant, at his request and in the absence of the plaintiff and without receiving any consideration therefor from any one, and in ignorance of her husband's agreement, placed her name upon the back of the note.

The defendant was no party to the note in its inception. She has received no consideration whatever for her signature. Where one indorses his name in blank on a promissory note several weeks after it is given, he is not liable as an original promisor. *Mecorney* v. *Stanley*, 8 Cush. 85. One who signs as original promisor, a note which has already been delivered and accepted, is not liable thereon without independent proof of a new consideration. *Green* v. *Shepherd*, 5 Allen, 588. A guaranty of the payment of a preëxisting note, when the only consideration is a past benefit or favor conferred, and without any design or expectation of remuneration, is without valuable consideration, and cannot be enforced. *Ware* v. *Adams*, 24 Maine, 177. A guaranty of a note made more than a

Sawyer v. Fernald.

year after its date, and without consideration was held void in *White* v. *Field*, 30 Vt. 338.

A person not a party to a promissory note is liable, who after its delivery to the payee places his name upon it in pursuance of an agreement made by him with such payee before the making of the note. *Leonard* v. *Wilkes*, 36 Maine, 265; *Klein* v. *Currier*, 14 Ill. 237. But in such case he is held, because his signature is only in fulfillment of his previous agreement, upon the faith of which the loan was made for which the note was given. But in the present case, the defendant had made no previous promise.

Nor does the alleged agreement on the part of the maker, if binding, to procure an additional signer the next day, alter the legal rights of the defendant. She was ignorant of the existence of such agreement. It was already broken. The plaintiff was not present and did not discharge the husband from his liability for a breach of this agreement, nor could it be known that he would. The agreement being broken, and the liability of the husband for its breach remaining undischarged when her signature was affixed to his note, the plaintiff parting with nothing and the defendant receiving nothing, it requires keen vision to see in what the consideration was in the way of loss to the plaintiff or gain to the defendant, for her placing her name on the back of the note. If there was no consideration whatever, she must be discharged.

The judge finds, as matter of fact, that the note was delivered, and the money paid at its date. His intimation that it was immaterial whether the plaintiff had accepted the note or not, was upon a state of facts found by him not to exist, and is of no importance. The delivery of the note, and the payment of it, was not, upon any condition, to be void, if such condition was not performed.

*Exceptions overruled.*

KENT, DICKERSON, and TAPLEY, JJ., concurred.

CUTTING, J., concurred solely on the ground that the wife could not be surety for her husband.