JASPER MESSENGER, Plaintiff in Error, v. W. H. VAUGHAN, SR., Defendant in Error.

Kansas City Court of Appeals, April 27, 1891.

1. **Consideration:** PROMISSORY NOTES: SIGNING AFTER DELIVERY. Signing a promissory note after execution and delivery, and after the original consideration has passed, is without consideration, and does not bind the signer without some new consideration passes.

2. ———— : ———— : PROMISE OF ORIGINAL MAKER. The promise of the original maker, at the time of the execution and delivery of the note to secure the name of the subsequent maker, will not operate as a consideration for such subsequent signing, when the subsequent maker at the time of such signing was wholly ignorant of such promise. (*Montgomery Co. v. Auchley*, 92 Mo. 126, *distinguished.*)

*Appeal from the Saline Circuit Court.*—HON. RICHARD FIELD, Judge.

AFFIRMED.

*Samuel Boyd*, for plaintiff in error.

(1) Under the written agreement, made at the time the note was made, considered with the note itself, the note became due October 20, 1888, and was payable then unless defendant signed it, as security, in which event it was to become due January 1, 1890. It being in the hands of W. H. Vaughan, Jr. ( the payor ), at the time the defendant signed it, the effect of his signing was to make a new contract by which the debt was to become due January 1, 1890, instead of October 20, 1888. The extension of the time of payment was a sufficient consideration to bind defendant. *Glasscock v. Glasscock*, 66 Mo. 630. (2) The redelivery of the note to plaintiff after it was signed, it being for a debt due, was sufficient to bind plaintiff. *Williams v. Williams*, 67 Mo. 661; *State to use v. Woods*, 84 Mo. 166; *Montgomery Co. v. Auchley*, 92 Mo. 126. The case of *Howard v. Jones*, 10 Mo. App., is not in point here, because in that case the note was in the hands of payee when signed by the surety, and was never redelivered. In this case it was in hands of payor when defendant signed it, and was afterwards redelivered.

*Yerby & Vance*, for defendant in error.

(1) The court properly refused the instructions of plaintiff in error as this court has declared the law applicable in this case, in the case of *Howard v. Jones*, 10 Mo. App. 81. It does not appear that defendant ever promised his name to plaintiff in error or authorized anyone to make such promise for him. (2) The consideration had passed, nothing was left, but the collection of the note and defendant's promise would be to pay the debt of another, and should have been supported by a new consideration. *Leonard v. Vandenburg*, 8 Johns. 29, 39; *Pfeiffer v. Kingsland*, 25 Mo. 66;

67 Mo. 661, 666; *Williams v. Williams*, 67 Mo. 661–665. If the note, when signed by the defendant in error, was in the hands of the obligor on the note it was there only for the purpose of procuring the signature of the defendant, and he held it only as the agent of plaintiff in error, and a redelivery could not exist.

GILL, J.—The plaintiff Messenger sued defendant Vaughan, Sr., on a promissory note for $1,000, dated June 1, 1888, due by its terms January 1, 1890, and signed by W. H. Vaughan, Sr., and his son, W. H. Vaughan, Jr. The defense successfully interposed at the trial in the circuit court was that defendant Vaughan, Sr., signed the note long after it had been executed by Vaughan, Jr. (who was the original obligor), and delivered to plaintiff, and that he signed the same without consideration, and, therefore, as to him said note was a mere naked promise, and not enforceable. The finding and judgment below was for defendant, and plaintiff has appealed. The record, as presented us, shows no instructions given or refused, and hence the only question is, did the evidence justify the court's judgment?

It seems that the note was originally given as part of the purchase price of certain personal property, a railroad outfit, bought by Vaughan, Jr., from plaintiff Messenger. The transaction occurred June 1, 1888. Vaughan, Jr., paid cash $500 and gave several notes, aggregating $2,400, maturing at different times for the balance, the last of which is the $1,000 note in suit, purporting on its face to be due January 1, 1890. This note, as indeed all the others, was signed alone then by Vaughan, Jr., and they were delivered in this condition to plaintiff who turned over the railroad outfit to said Vaughan, Jr. Plaintiff offered and read in evidence the following instrument of writing, admitted to be signed by Vaughan, Jr.:

"GORDONSVILLE, TENN., June 1, 1888.

"In consideration of a certain transfer of railroad outfit from Jasper Messenger to me on above date, I hereby agree to pay the third note ( due January 20, 1890 ) on or before the twentieth of October, 1888. In default of which give Messenger additional security in the indorsement of W. H. Vaughan, Sr.

"W. H. VAUGHAN, Jr."

There was only one witness called, and this was defendant Vaughan, Sr., who was introduced by plaintiff, and said witness testified in substance, that, when his son made the trade with Messenger, he, the witness, was absent, but that he returned to Tennessee about a month after ; that he never saw or heard of the instrument above copied until shown to him on the witness stand ; never heard that his son was to give any additional security, and that, when he signed the note in October following its execution and delivery, he did not know that it was any part of the contract between his son and Messenger, that he, witness, was to sign the note ; that his son brought the note to him at Gordonsville in October, 1888, and he signed it without question, etc.

I.    Under this testimony and well-established rules of law, the defendant cannot be charged with the payment of this note.  ·He became a party to the note long after it had been executed and delivered to the payee, and after the original consideration had passed.  It is well settled in such cases that, in order to bind the additional maker or guarantor, such undertaking must be supported by some new consideration.  *Pfeiffer v. Kingsland*, 25 Mo. 66; *Williams v. Williams*, 67 Mo. 665.

It is contended that the contemporaneous written agreement of Vaughan, Jr. ( heretofore quoted ), should be construed with the note in suit, and be regarded as fixing the day of payment of the note at October 20, 1888, with a further agreement to extend the due day,

upon defendant's signing the note as security, and that this agreement to extend date of payment furnished the consideration for defendant's undertaking. But how can this be treated as a consideration moving the defendant to make the promise when he never at any time knew of any such agreement by his son? Defendant testifies that he had no knowledge or information whatever that his son had agreeed to get his name on the note. How, then, could this promise of Vaughan, Jr., to have his father sign the note, operate as a motive or inducement to defendant in signing the note when he, the defendant, had no knowledge of such an agreement? A case quite similar to this is found in *Howard v. Jones*, 10 Mo. App. 81. It is there held that "where one loans money and takes a note therefor upon the maker's promise of M's indorsement thereon, M's subsequent indorsement, without any knowledge of the facts or the promise, is without consideration."

The case of *Montgomery Co. v. Auchley*, 92 Mo. 126, in no way disturbs our holding here. In that case the bond to the county (for the payment of loaned school moneys) contained on its face a stipulation for further security on order of the county court. Auchley signed as additional security long after the execution and delivery of the bond, but he did so with full knowledge of the original agreement (contained in the face of the bond) for additional security; and, as the court says, *conscious* that he was carrying out that agreement, while, in the case at bar, defendant Vaughan had no notice whatever of any agreement by his son to furnish additional security. Such agreement, then, could not supply any consideration, or moving cause, for defendant's supposed promise.

Judgment affirmed. All concur.