DEVITT *v.* FOSTER *et al.*

(Division A.   Feb. 2, 1931.)

[132 So. 182.   No. 29003.]

688

W. L. Guice, of Biloxi, and Jno. L. Heiss, of Gulfport, for appellant.

Ford, White & Ford, of Gulfport, for appellees.

Argued orally by **John L. Heiss** and **W. L. Guice**, for appellant, and by **Ebb J. Ford**, for appellees.

**Cook, J.**, delivered the opinion of the court.

This suit was instituted in the chancery court of Harrison county, Mississippi, by the Riviera Hotel Company, a corporation, and C. B. Foster and C. A. Delacruz, against Mrs. T. K. Devitt and her husband, T. K. Devitt, seeking the cancellation of a certain note for the sum of ten thousand dollars, executed by the said Riviera Hotel Company and indorsed by the said C. B. Foster, C. A. Delacruz, and T. K. Devitt. The bill of complaint alleged that the said note was void and of no effect as to the Riviera Hotel Company, for the reason that it was not supported by any consideration and was executed by the said T. K. Devitt, president of said company, without authority so to do, and that it was void and of no effect as to the indorsers, C. B. Foster and C. A. Delacruz, for the reason that they signed the note as an accommodation several days after its execution and acceptance by the payee, and without any consideration to them, and upon the assurance of the said T. K. Devitt that they would not have to pay the same and would not be called upon to pay it, and for the further reason that the money for which the note was given was in fact the joint property of T. K. Devitt and Mrs. T. K. Devitt.

The defendant T. K. Devitt filed no answer to the bill, but Mrs. Devitt answered denying the averments thereof upon which cancellation of the note was sought, and made her answer a cross-bill, setting forth that the said T. K. Devitt was in no way interested in her property, but that the cross-defendant, Riviera Hotel Company, in order to borrow money from her, through its president, T. K. Devitt, had entered into an arrangement with her whereby she agreed to loan it the sum of ten thousand dollars, for which she was to receive the note in controversy, which was to be indorsed by the said T. K. Devitt, C. B. Foster, and C. A. Delacruz; that she paid to the said hotel company the said sum of ten thousand dollars, and, received in exchange therefor the said note properly indorsed by said parties; and she prayed for a decree awarding her a recovery of said sum against the said hotel company and said indorsers. To this cross-bill the cross-defendants, Riviera Hotel Company, C. B. Foster, and C. A. Delacruz, filed an answer substantially denying the allegations thereof, while the cross-defendant, T. K. Devitt, entered his appearance and admitted the allegations of the cross-bill.

Upon the hearing of the cause testimony was offered by the respective parties from which substantially the following facts appeared: C. B. Foster, C. A. Delacruz, and T. K. Devitt purchased the Riviera Hotel property in Biloxi, Mississippi, and thereby became jointly liable for a large balance of the purchase price thereof, and thereafter the title to the property was passed to the Riviera Hotel Company, a corporation in which the stock was held in the proportion of one-half to T. K. Devitt, one-fourth to C. B. Foster, and one-fourth to C. A. Delacruz, and these persons were thereby bound among themselves to pay the balance of the purchase price in this proportion. Thereafter a payment of twenty thousand dollars of this purchase money became due, and the stockholders borrowed the money necessary to make the payment from two banks, giving to each bank a note for ten

thousand dollars, signed by the hotel company and indorsed by the three stockholders, but with the agreement, among themselves, that Devitt was to pay one of these notes and Foster and Delacruz the other. When these notes matured, Foster and Delacruz paid the note which it had been agreed should be paid by them, while Devitt borrowed from his wife the money to pay the other note. Mrs. Devitt testified that she loaned this money to her husband under an agreement with him that he would give her a note for the amount, signed by the Riviera Hotel Company and indorsed by the three stockholders thereof, and that before she gave her husband a check for the amount, he delivered to her a note of the said hotel company which was regular in form and indorsed by Foster, Delacruz, and Devitt. The money advanced to Devitt by Mrs. Devitt was passed to the account of the hotel company, and the check of this company was thereupon issued in payment of the note at the bank, and the note was canceled by the bank on or about the date of the note delivered by Devitt to his wife. Upon the point as to whether the appellees Foster and Delacruz indorsed the note before or after its delivery to and acceptance by Mrs. Devitt both Foster and Delacruz testified very emphatically that they did not indorse the note until several days after the date thereof, and after the money had been advanced by Mrs. Devitt, and the note at the bank had been paid and canceled, and that they indorsed it at the solicitation of, and purely an accommodation to, Devitt, and without any knowledge of any agreement between Devitt and his wife in reference to such indorsement.

Upon the conclusion of the hearing, the chancellor granted a decree in favor of the appellees C. B. Foster and C. A. Delacruz, adjudging that, in so far as they were concerned, the note in question was void and unenforceable, and ordering the cancellation of their indorsements thereon, but awarded Mrs. Devitt a recovery against the Riviera Hotel Company and T. K. Devitt for the principal of the note, together with interest and attorney's fee,

and from the decree canceling the indorsement of the appellees Foster and Delacruz, Mrs. T. K. Devitt prosecuted this appeal.

In a written opinion, which, by order of the court, was made a part of the record, the chancellor considered and discussed at length the conflicting evidence as to whether the note in question was indorsed by the appellees before Mrs. Devitt accepted it and advanced the money thereon, or after the note was delivered and accepted, and the transaction between the Devitts and the bank finally closed, and upon this conflicting evidence found that the appellees had no knowledge of the existence of the note, and did not indorse the same, until a week after it was executed and delivered to and accepted by Mrs. Devitt, and after the note at the bank had been paid and cancelled, and this finding of the court is abundantly supported by the evidence. Consequently, in the determination of the question now presented it will be considered as established that the appellees indorsed the note after its execution, delivery, and acceptance, and without knowledge of any agreement between the borrower and lender with reference to additional indorsements thereof.

The appellant, however, contends that, even though the note was indorsed by the appellees after it was delivered to and accepted by Mrs. Devitt, they were liable if the indorsement was in pursuance of an agreement between Devitt and Mrs. Devitt made before or at the time she accepted the note and parted with the consideration therefor, and that this is true although the indorsers had no notice or knowledge of such agreement, and, in support of this contention, she relies principally upon the case of Pearl v. Cortright, 81 Miss. 300, 33 So. 72. If the language of the opinion in that case may be construed to mean that Cortright, the indorser, was bound by reason of an agreement between the maker and the payee, of which he had no knowledge at the time he indorsed the note, it fully supports the contention of the

appellant. However, in the case of Clopton v. Hall, 51 Miss. 482, it was held that the signing of a note after its delivery, and after the execution of the contract, is independent of the original contract and disconnected from its consideration, and that to support liability upon such an indorsement there must be some other valuable consideration, and upon reason and authority it is difficult for us to understand how an accommodation indorser, otherwise not liable, could be rendered liable by reason of an agreement between the maker and payee, of which such indorser had no knowledge. For this reason we have been led to very carefully consider and examine the language of the opinion and the facts involved in the case of Pearl v. Cortright, supra. In that case the court, in holding the indorser liable, used the following language: "It is true he signed the notes some weeks after they were signed by Marriott, but he did so in execution of an agreement had between Pearl and Marriott upon the day of their date, and thereby participated in the consideration supporting their validity as fully as did Marriott himself. The consideration which supports the validity of the notes between Pearl and Marriott supports their validity between Pearl and Cortright."

In the discussion of this case counsel for the appellees assert that Cortright had knowledge of the agreement between Pearl and Marriott at the time he indorsed the note, while counsel for the appellant seem to proceed upon the theory that the opinion, which states that Cortright was in New York when the note was executed and the agreement made, shows that he did not have knowledge of the agreement when he indorsed the note. It may be that the statement in this opinion that he indorsed the notes "in execution of an agreement had between Pearl and Marriott upon the day of their date," leaves in doubt the question of whether or not the indorser had knowledge of this agreement, but, if so, this doubt is entirely removed by an examination of the briefs of coun-

sel and the original record of the cause. In the brief of counsel for the appellant, as reported on page 301 of 81 Mississippi, there is found the statement that, "Marriott told him when he indorsed the note that he, Marriott, had promised Pearl that he, Cortright, would indorse at the time the notes were made and delivered." This statement is fully supported by the original record of said cause, wherein the testimony of the indorser, Cortright, on this point is set forth as follows:

"Q. Was Mr. Pearl present when Mr. Marriott was talking to you? A. No sir, Mr. Pearl was in or near the front door; Mr. Marriott and I went back to the desk to talk.

"Q. What did Mr. Marriott say to you? A. He asked me to indorse the notes; he said that he had promised Pearl, when he gave the notes, that I would indorse them when I returned from New York.

"Q. So he made that statement to you when you endorsed the notes? A. Yes sir.

"Q. And you endorsed them pursuant to that agreement? A. Yes sir."

It is thus apparent that upon the question of notice or knowledge by the indorser of the agreement between the maker and payee, the case at bar is clearly distinguished from the Cortright case, supra, and consequently that case is not here controlling.

In the case of Messenger v. Vaughan, 45 Mo. App. 15, it was held that "the promise of the original maker, at the time of the execution and delivery of the note to secure the name of the subsequent maker, will not operate as a consideration for such subsequent signing, when the subsequent maker at the time of such signing was wholly ignorant of such promise;" while in the case of Howard v. Jones, 10 Mo. App. 81, it was held that "where one loans money and takes a note therefor upon the maker's promise of M.'s indorsement thereon, M.'s subsequent indorsement, without any knowledge of the facts or the promise, is without consideration."

In the case of Ellis v. Clark, 110 Mass. 389, 14 Am. Rep. 612, it was held that: "The consideration or motive of the promise must be known to the promisor. . . . An agreement between the plaintiff and Paul, by which the former agreed to forbear to sue the latter, would not be a consideration for the defendant's promise, if not made at his request or communicated to him at or before the time of the making of his promise." In the case of Sawyer v. Fernald, 59 Me. 500, it was held that where the maker of a note in pursuance of an agreement with the payee secures the signature of an indorser after the execution and delivery of the note, the indorser is not bound merely by reason of such agreement, if he signed in ignorance thereof. In 8 C. J., p. 212, it is said that "a consideration moving from the holder to the maker or to the principal debtor may, however, be a sufficient consideration for a subsequent indorsement for the maker's accommodation, provided it is known to the indorser or to the surety when he signs the instrument."

It seems clear that one who indorses a note in pursuance and consummation of a prior agreement between the maker and the payee, of which he has knowledge, participates in the original consideration for the note, and is therefore bound, but that an indorser will not be bound merely because of such an agreement between the maker and the payee, if he has no knowledge thereof at the time he signs. Consequently we are of the opinion that the court below committed no error in holding that the appellees were not liable merely because of the prior agreement between Devitt and his wife that their indorsement would be secured, since the evidence shows without conflict that they had no knowledge of this prior agreement at the time they indorsed the note.

The appellant next contends that if it shall be held that the appellees were not liable on the note in controversy, then by reason of the fact that the money advanced by her was used to discharge a note due to the

First National Bank, upon which the appellees were indorsers, she was subrogated to the rights of the bank in this original note and entitled to recover thereon. It is a sufficient answer to this contention to say that no such theory was presented in the court below either in the pleadings or the evidence. The cross-bill and the evidence for the cross-complainant proceeded throughout as a demand for recovery upon the particular note procured through her husband, and which she alleged was indorsed at the time she advanced the money. She, in effect, voluntarily advanced the money to pay the note at the bank, took no assignment thereof, and there is no claim or suggestion in the pleadings or evidence that she is subrogated to any rights in the original note, or is entitled to recover thereon by reason of subrogation to any rights thereunder. The decree of the court below will therefore be affirmed.

Affirmed.